428    PEOPLE v. DOSS.    [Sup. Ct.

No. 2,170. .

THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANTS, v. E. W. DOSS, RESPONDENT.

INDICTMENT AGAINST PUBLIC OFFICER.—DESCRIPTION OF OFFICE.—An allegation in an indictment presented after the passage of the Act of April 6th, 1863, "To provide for the maintenance and supervision of common schools," charging the defendant as "Superintendent of Common Schools," is a sufficient description, under that Act, of the office held by defendant.

*Per* SPRAGUE, J., dissenting:

CONSTRUCTION OF SECTIONS 66 AND 67 OF THE ACT CONCERNING CRIMES AND PUNISHMENTS.—COUNTY SUPERINTENDENT OF PUBLIC SCHOOLS.—A County Superintendent of Public Schools is an "officer or person" contemplated by Section 67 of the Act concerning crimes and punishments; his refusal, therefore, to pay over to the person authorized by law to demand the same—a sum of money received by him in his official capacity, amounting to less than one hundred dollars, is only a misdemeanor.

APPEAL from the County Court of Kern County.

The facts are stated in the opinion.

*Jo Hamilton*, Attorney General, for Appellant.

The office of Superintendent of Public Schools is created by the 16th Section of the Act entitled "An Act to provide for the maintenance and supervision of common schools." (Stats. 1863, p. 197.)

Section 71 of that Act provides that "the words 'public school' or 'public schools,' shall be understood as having the same meaning, in all respects, as the words 'common school' or 'common schools,' heretofore used in the school laws of this State."

Sections 16 and 71 are to be taken together in this Act. They are part of the same Act; and while in Section 16, which provides for the election of such officer, he is styled "County Superintendent of *Public* Schools." Section 71 of the same Act leaves it at the option of the pleader to proceed against the officer as either County Superintendent of Public Schools or County Superintendent of Common Schools.

The acts charged amount to a felony under Section 66 of the Act concerning crimes and punishments. (Hittell's Dig. Vol. I, p. 241.)

(T.)

*J. W. Freeman* and *Coffroth & Spaulding*, for Respondent.

The Act designates the office, and Section 16 distinctly declares the title of the officer to be "County Superintendent of *Public* Schools."

Section 71, providing that "public schools" shall have the same meaning as the words "common schools," does not relate to the officer, but to the formation and government of the schools.

This indictment was framed under Section 67 of the Act concerning crimes and punishments, the proviso to which section is as follows : "Provided, that no person shall be imprisoned in the State Prison under the section, unless the money not paid over shall amount to one hundred dollars," etc. (Hittell's Dig. Art. 1467.)

The amount charged as embezzled, in the indictment, is thirteen dollars and seventy-five cents. The crime charged, therefore, is but a misdemeanor ; and as no appeal lies to this Court, in cases of misdemeanor, the appeal should be dismissed for want of appellate jurisdiction.

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., TEMPLE, J., and CROCKETT, J., concurring :

The indictment was found under Section 66, of the Act concerning crimes and punishments, which defines and provides for the punishment of embezzlement by officers, servants, etc. It is alleged that the defendant was the County Superintendent of Common Schools of Kern County, and that, while acting as such officer, he unlawfully and feloniously converted to his own use, and embezzled certain money belonging to the school fund of said county. The point of the demurrer is, that, at the time of the commission of the alleged offense, there was no such office known to the law as County Superintendent of *Common* Schools. Previous to the passage of the Act of April 6, 1863 (Stats. 1863, p. 194), the officers having charge of the common schools, and the school funds of the several counties, were denominated "County Superintendents of *Common* Schools ;" but by the

Act of 1864, the common schools are called *"public* schools," and the Superintendents are called "County Superintendents of *Public* Schools." The Legislature, in order to obviate any inconvenience that might result from the change of the names of the system of schools, and the officers having charge thereof, provided, by Section 71 of that Act, that the words "public school" or "public schools," as used in this Act, shall be understood as having the same meaning, in all respects, as the words "common school" or "common schools," heretofore used in the school laws of this State. The words "common schools" and "public schools" being synonymous, the office held by the defendant was sufficiently designated by the term "County Superintendent of Common Schools of Kern County.

Judgment reversed, and cause remanded, with directions to overrule the demurrer.

SPRAGUE, J., delivered the following dissenting opinion:

In my judgment, this Court has no jurisdiction of this appeal. The official character of the defendant, and the acts constituting the offense as charged in the indictment, most clearly demonstrate that the offense charged does not fall within the provisions of the sixty-sixth section of the Act concerning crimes and punishments, and as clearly demonstrate that the offense intended to be charged is embraced in the sixty-seventh section of the same Act; and as the amount of money alleged to have been embezzled by defendant is less than one hundred dollars, to wit: thirteen dollars and seventy-five cents, the offense is within the proviso of this sixty-seventh section; hence, is not a felony, but a misdemeanor, of which this Court has no appellate jurisdiction.

The sixty-sixth section is directed only to servants, employés or subordinate officers employed in any public department, station or office of the Government of this State, or of any county of this State, or of a corporate body, who shall embezzle, steal, secrete or fraudulently take and carry away any money, goods, etc.

Before a person can be convicted under this section the indictment must allege, and the evidence thereunder must establish, that the person charged, at the time of the offense charged, occupied some subordinate position and fiduciary relation, implying special trust and confidence in some department of the State or county government, or some corporation; whereas, the sixty-seventh section is directed to an entirely different class and description of persons, to wit: to persons and officers primarily entrusted by law to collect, disburse, receive, or safely keep any moneys, etc., belonging to this State, to the school fund of this State, to the school fund of any county or township, etc.,    *   *   *   who shall fail or refuse to pay over the same, etc., when such person or officer shall be thereto required by law, on demand duly made by the successor of such officer or person in office, or by the officer or person to whom such money, etc., ought by law to be paid over, etc.; every such person or officer shall, on conviction thereof, be punished by imprisonment in the State Prison, etc.; provided, that no person shall be imprisoned in the State Prison under this section unless the money not paid over shall amount to $100, etc.    Under this section, therefore, when the money not paid over by the officer or person entrusted with the same is less than $100, the offense chargeable against him is but a misdemeanor.

The indictment in this case charges, that the defendant was an officer of the County of Kern, State of California, to wit: County Superintendent of Common Schools of Kern County, charged with the disbursement of public school moneys; that of moneys belonging to the School Library Fund, belonging to Havilah School District, in said county, defendant drew a warrant for forty dollars, and from the Treasurer of said county obtained the amount of said warrant in gold coin, and appropriated out of the same and converted to his own use of said moneys the sum of thirteen dollars and seventy-five cents, etc.

By this indictment the defendant is manifestly charged as a county officer, primarily charged by law with the disbursement of public school moneys of the County of Kern, and with receiving, as such officer, the sum of thirteen dollars

and seventy-five cents belonging to the School Library Fund of Havilah School District, in said county, which he failed to pay over to the party entitled thereto, but converted it to his own use. He is not charged as a servant, officer, or person employed in any public department, station or office of the government of this State, or county of this State, or in any office of a corporate body, as defined in Section 66, but as an officer of the County of Kern, charged primarily by law with the disbursement of public school moneys, being the precise description of person and duty as defined by Section 67.

I am, therefore, of opinion that this appeal should be dismissed for want of jurisdiction.