## UNITED STATES *v.* BORNEMANN.

*(Circuit Court, D. California.* September 24, 1888.)

1. **EMBEZZLEMENT—BY OFFICER OF UNITED STATES—INDICTMENT—DESCRIPTION OF MONEY.**

An indictment against a public officer for embezzlement of public funds need not state what kind of money was embezzled, whether coin, and, if so, whether gold or silver, or bills, or of what denominations, and how many of each.

2. **SAME—ALLEGATION OF OFFICIAL CHARACTER.**

An allegation in the indictment that defendant, "then and there being an officer of the United States, having the safe-keeping and disbursement of public moneys, * * * did then and there knowingly, willfully, and feloniously convert and embezzle a portion of said public moneys intrusted to him," states defendant's official character directly, and not by way of recital merely.

3. **SAME.**

A count in the indictment, which omits to state what office defendant held, is demurrable.

4. **SAME—POSSESSION OF FUNDS.**

An allegation that the money was on deposit with the assistant treasurer does not negative defendant's possession and control in such sense as to render its appropriation an embezzlement, as, under the law, of which the court will take notice, he was an officer of the United States, and not a mere servant or agent of the assistant treasurer, and it was his duty to take charge of and handle the money.

Demurrer to Indictment for Embezzlement.

*John T. Carey,* U. S. Atty., for the United States.

*S. G. Hilborn* and *W. C. Belcher,* for defendant.

Before SAWYER, Circuit Judge, and SABIN, District Judge.

SAWYER, J. Demurrer to indictment of the cashier of the United States assistant treasurer at San Francisco, for embezzling $10,000 of the money of the United States, in his custody as cashier. It is insisted that each count is defective in not stating what kind of money, whether coin, and, if so, whether gold or silver, or bills, and of what denominations, and how many of each, etc.

It may be conceded for the purposes of this case, that at common law, it would be necessary to state these particulars in case of an embezzlement by the clerk, servant, agent, or employe of private parties. But in the case of an embezzlement of public funds by a public officer, where the funds are constantly changing, and the public has no direct personal possession or oversight, and where it would ordinarily be impracticable, if not absolutely impossible, to identify and pursue the particular coins or bills embezzled, it is held in numerous decisions that such particularity is unnecessary. *People* v. *McKinney,* 10 Mich. 89; *State* v. *Smith,* 13 Kan. 294–296; *State* v. *Carrick,* 16 Nev. 123–125; *State* v. *Walton,* 62 Me. 108–111; *State* v. *Flint,* 62 Mo. 396–399; *Brown* v. *State,* 18 Ohio St. 506; *State* v. *Munch,* 22 Minn. 67; *State* v. *Boody,* 53 N. H. 613; 2 Bish. Crim. Proc. § 319. We think the indictment good in this particular.

2. It is insisted that the several counts are bad, because the official character of the officer is not alleged directly, but only by recital. The

allegation is, "that said Bornemann—then and there being an officer of the United States having the safe-keeping and disbursement of public moneys, * * * did then and there knowingly, willfully, and feloniously convert and embezzle a portion of said public moneys entrusted to him," etc. We do not regard this as a recital merely, but as a direct averment by using the participle in some clauses, instead of the verb, in connection with the following verb. It is the exact form given by Wharton in his Precedents of Indictments for embezzlement in each precedent found on page 406 et seq., c. 7. We held a less definite form of averment of citizenship to be good in Sharon v. Hill, 10 Sawy. 635, 23 Fed. Rep. 353; and see authorities therein cited. This is the form of statement in some of the cases cited under the first point, and is the form of statement in the indictment involved in U. S. v. Hartwell, 6 Wall. 392. We think the averment sufficient.

The first count does not state what office the defendant held. Perhaps it is defective in that particular, as defendant ought to be informed in what particular character he is charged, but if so, the other counts under the same section cover the case, as all the others allege that he was "cashier of the assistant treasurer of the United States at San Francisco, Cal.," and that "he then and there had in his possession and under his control, as such cashier, a large sum of money," etc. The fact that this money of the United States is, also, alleged to have been on deposit with the assistant treasurer does not negative defendant's possession and control in such sense as to make its appropriation an embezzlement, as claimed. He was the cashier of the assistant treasurer, and it was necessarily a part of his duties under the law to take charge of and handle this money. The cashier was an officer of the United States, and not a mere servant or agent of the assistant treasurer. The court will take notice of the law applicable to his duties. U. S. v. Hartwell, 6 Wall. 392, covers these and all cognate points. We think all the counts are good unless it be the first, in regard to which we have strong doubts, as it is not stated what office defendant held. Let the demurrer be sustained as to the first count, and overruled as to all the others.