JOHNSON, *et al.* v. HAYS.

(Filed February 18, 1898.)

1. PROBATE COURTS—*Appeals from—Where Taken.* Where only a question of law has been decided in a probate court in any judgment or decision finally determining the cause in that court, an appeal lies only to the supreme court; but where a question of fact is involved and has been decided, although there may be questions of law also involved and determined, the appeal must be to the district court. The test of the jurisdiction of the supreme court is, that no question of fact is involved in the appeal. The test of the jurisdiction of the district court is, that a question of fact is involved, although questions of law may also be involved therein.

2. DEMURRER TO EVIDENCE—*Effect of Decision on.* A demurrer to plaintiff's evidence admits the existence of the facts which his testimony tends to establish and involves for decision only a question of law. A decision sustaining the demurrer is a final decision from which an appeal lies which involves only a question of law. The demurrer admits the existence of the facts only for the purposes of a decision thereon. A decision overruling the demurrer is not a final decision or judgment. The facts admitted for the purposes of a demurrer, do not longer stand admitted. The court must proceed with the trial of the cause; the defendant may introduce evidence, and if he offer none, the weight and sufficiency of that introduced by the plaintiff must be determined by the court, and a judgment thereon involves the determination of a question of fact.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Jno. L. McAtee, District Judge.*

W. S. *Denton,* for plaintiffs in error.

*Frank Purcell* and W. H. *Robb,* for defendant in error.

Action by William Hays commenced in the probate court of Garfield county to recover damages against George W. Johnson, sheriff, and his bondsmen, for failure to levy an attachment. Plaintiff had judgment in the probate court for $236.70, from which judgment the defendants appealed to the district court of Garfield county,

which appeal, on motion of plaintiff, was dismissed; from the order dismissing said appeal, defendants bring error.

Opinion of the court by

TARSNEY, J.: This action was commenced in the probate court of Garfield county to recover damages for breach of the conditions of the official bond of the sheriff of said county in failing to levy an attachment. On the trial of the cause, after the plaintiff had rested his case, the defendants interposed a demurrer to the evidence, which demurrer was overruled by the court; whereupon, the defendant, not offering any evidence, the court, trying the case without the intervention of the jury, rendered judgment in favor of the plaintiff and against the defendants for $236.70 and costs. From this judgment defendants appealed to the district court of Garfield county. Plaintiff there filed his motion to dismiss said appeal on the ground that said court had no jurisdiction of said appeal; which motion was, by said district court, sustained, and the plaintiffs in error, defendants below, bring error to this court.

The only question involved arises upon the construction of sec. 1566 of the general statutes of 1893, which provide as follows:

"Appeals from the final judgment of said probate courts shall be allowed and taken to the supreme court of this Territory in the same manner as (from) the district court, and with like affect when only questions of law are involved in the appeal. If questions of fact are to be retried in the appellate court, the appeal shall be taken to the district court of the county in manner and form as appeals are taken from judgments of justices of the peace."

The district court dismissed the appeal from the pro-

bate court in this case on the grounds that said cause was appealable to the supreme court, and not to the district court, and that said district court has no jurisdiction to try said appeal.

In *Brickner v. Sporleder*, 3 Ok. 561, it was held that the meaning of this section was that when only questions of law are involved, appeals from the final judgment of a probate court shall be allowed and taken to the supreme court. If questions of fact are to be tried in the appellate court, the appeal shall be taken to the district court of the county.

In *Nix v. Gilmer*, 5 Ok. 740, the reasoning in *Brickner v. Sporleder*, and the holding that an appeal lies from the probate court to the district court upon questions of fact, is approved. We think that the meaning of the statute, and the reasoning and holding in the cases cited is that, where a question of law alone is involved for re-trial upon appeal, the appeal must be to the supreme court, but that wherever a question of fact is involved for re-trial, whether there be also questions of law involved for re-trial or not, the appeal must be to the district court. The great majority of appeals from final judgments involve questions both of law and fact. The test of the jurisdiction of the supreme court is that no question of fact is involved. The test of the jurisdiction of a district-court is that a question of fact is involved, although questions of law may also be involved. Applying the statute as thus construed to the case at bar, was the motion to dismiss the appeal rightly sustained? This is answered by determining whether an appeal from the judgment of the probate court rightly involved the re-trial of a question of fact. Every question involving the substantial rights

of the parties to an action in the probate court, may be revewed upon appeal in some appellate court. The questions involved in the case at bar, affecting the substantial rights of parties, were, (1) was the plaintiff entitled to recover of the defendants any damages? and, (2) if so, how much was he entitled to recover? The first presents only a question of law; the second presents only a question of fact. The one goes to the legal right of recovery; the other goes to the amount of recovery, determinable by the evidence in the case. The determination of the amount of damages that should be recovered, is purely a question of fact. The supreme court having no right to review any question of fact on appeal from a probate court, the contention of defendant in error would be to deny any appeal from an assessment of damages in the probate court.

The theory of the defendant in error would appear to be that when the defendants in the probate court demurred to the plaintiff's evidence, such demurrer admitted the existence of all the facts which plaintiff's testimony tended to establish, and that the question whether on such facts the plaintiff was entitled to a recovery, was a question of law only. This is true for the purposes of a decision on the demurrer, but a decision overruling a demurrer to the evidence is not the final decision or judgment in the cause. A decision sustaining a demurrer to the evidence is a final decision, for the plaintiff can proceed no further, and as such decision involves only a question of law, from it the appeal must be taken to the supreme court; but if the demurrer be overruled, the court must proceed with the cause; the defendant may introduce evidence; the evidence of the plaintiff does not stand admitted as true; its weight and sufficiency must

then be determined by the court. "If the court shall sustain the demurrer, such judgment shall be rendered for the party demurring as the state of the pleading or the proof shall demand. If the demurrer be overruled, the adverse party will then produce his evidence." (Code of Civ. Proc., Laws of 1893, sec. 287.) A decision upon a demurrer involves only the question of the plaintiff's right to recover; it does not involve a determination of the amount he should recover. When, therefore, a demurrer is overruled, no final decision is made, but the court must proceed to hear the evidence, if further evidence be offered, and, if not, to determine the weight and effect of the evidence already presented, and, from it, determine the amount of the judgment and render final judgment therefor. This case, then, stands in legal effect as if no demurrer to the evidence had been interposed, and that a judgment had been rendered for damages assessed upon the testimony offered by the plaintiff. We cannot see how it was ever contended that a question of fact was not involved.

We, therefore, hold that the final decision of this case involved the determination of a question of fact; that the decision of such question was an appealable decision and that the appeal therefrom was properly taken to the district court.

For the reasons stated, the order of the district court, dismissing said appeal, is reversed, and this cause remanded, with instructions to the district court to vacate the order of dismissal and to overrule the motion to dismiss the appeal.

McAtee, J., having presided in the court below, not sitting; Dale, C. J.. and Bierer. J., concurring; Keaton, J., dissenting.