W. H. CARPENTER v. ANNIS V. RUSSELL, *Administratrix of the Estate of* JOHN T. RUSSELL, *Deceased.*

(Filed September 10, 1903.)

1. **PROBATE COURT—Appeal From.**  All appeals from the probate court when exercising its jurisdiction in purely probate matters, must be to the district court, regardless of whether the appeal presents a question of law only, or both questions of law and fact.

2. **REPEAL OF STATUTES.**  Repeals by implication are not favored and when two statutes covering in whole or in part the same matter are not absolutely irreconcilable, effect should be given, if possible, to both.

3. **STATUTES—Construed, How.**    A general act is not to be construed as applying to cases covered by a prior special act on the same subject.

·Syllabus by the Court.)

*Error from the District Court of Cleveland County; before Clinton F. Irwin, Trial Judge.*

*J. H. Everest* and *C. F. Smith,* for plaintiff in error.

*John H. Mosier,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   This cause presents the sole question as to whether the act extending the jurisdiction of the pro-bate court in civil and criminal matters, prescribing the pro-

cedure therein and providing for appeals therefrom, enacted by the first legislature, repeals section 14, article 12, chapter 19, statutes 1890, on the subject of appeals.

The plaintiff in error, Carpenter, is a creditor of the estate of John T. Russell, deceased. The defendant in error is the administratrix of said estate. The settlement of the estate is pending in the probate court of Cleveland county. Carpenter filed his application in the probate court, asking to have his demand declared a preferred claim against the real estate of the decedent not exempt. The probate court heard the motion and overruled it. Carpenter appealed to the district court of Cleveland county in the manner provided in article 13, chapter 18, statutes 1893. The district court dismissed the appeal upon the ground that the appeal presented a question of law only, and that the appeal should have been to the supreme court.

The construction of the provision of the act extending the jurisdiction of probate courts in certain cases has been before this court several times for determination, but the exact question here involved does not seem to have been heretofore decided in any reported case. The case of *Bell v. Territory,* 8 Okla. 75, was a bastardy proceeding, and it was there incidentally held, but not expressly decided, that the provisions of the probate chapter on appeals are still in force. In *Decker v. Cahill,* 10 Okla. 251, the decision was expressly limited to appeals from the judgment of the probate court rendered while exercising the ordinary jurisdiction of the justice of the peace, or while exercising concurrent jurisdiction with the district court. The cases of *Chandler v. Colcord,* 1 Okla. 260; *Brickner v. Sporleder,* 3 Okla. 561; *Nix v. Gilmer,* 5 Okla. 740; *Johnson et al. v.*

*Hays,* 6 Okla. 582; *State Capital Printing Co. v. Board of Grant County,* 8 Okla. 229; *Wood v. Taylor et al.,* 8 Okla. 625; *Petrie v. Coulter,* 10 Okla. 257; *McClung v. Penny,* 11 Okla. 474; *Stahl v. Wade,* 11 Okla. 483, and *Randolph v. Hudson,* 61 Pac. 1103, all in some manner involve questions arising out of appeals from the probate courts, either direct to this court or by an intermediate appeal through the district court. But none of said causes involve a question arising out of the exercise of the probate jurisdiction of the probate court. There are expressions contained in some of these cases, so general in terms, as to embrace this class of cases, but inasmuch as the question herein presented was not before the court in any of the adjudicated cases, it will not be presumed that the court intended to go beyond the question it had before it at the time.

The identical question now under consideration was before this court and decided on a motion to dismiss the appeal in cause No. 973, *Rosetta Ward et al. v. Board of County Commissioners of Logan County,* dismissed June 30, 1900, and not reported. In that case the plaintiffs in error appealed directly to the supreme court from an order of the probate court admitting a will to probate. The sole question sought to be raised by the record was one of law as to the sufficiency of the written instrument to constitute a valid will. The case came on for hearing in this court, and on full consideration the entire court was of the opinion that an appeal would not lie to the supreme court from an order of the probate court when exercising purely probate jurisdiction, and the court dismissed the appeal for the reason the same was improperly taken. (Supreme court journal

no. 4, p. 333.)    As no opinion was prepared in the Ward
case, we will here briefly state the grounds for said decision,
which must necessarily be the same in this case.    Our pro-
bate court was created by the organic act and was given
jurisdiction in probate matters.    It had no jurisdiction in
civil and criminal causes until the adoption and approval
by congress of the legislative act passed by our first legis-
lative assembly, and which is entitled "An act extending
the jurisdiction of the probate court in civil and criminal
cases and prescribing. the procedure therein and providing
for appeals therefrom."    Section 1 of this act confers upon
the probate courts the ordinary powers and jurisdiction of
justices of the peace, and concurrent jurisdiction generally
with the district court in all civil cases wherein the sum
claimed does not exceed one thousand dollars.    A number of
specific civil causes are excluded from its jurisdiction.    Sec-
tion 2 provides the procedure which shall govern in the trial
of causes in said court, and section 5 provides the manner
in which appeals shall be taken, and is as follows:    "Ap-
peals from the final judgment of said probate courts shall
be allowed and taken to the supreme court of this terri-
tory in the same manner as from the district court, and with
like effect when only questions of law are involved in the
appeal.    If questions of fact are to be retried in the appel-
late court, the appeals shall be taken to the district court of
the county.in manner and form as appeals are taken from
judgments of justices of the peace."    The jurisdiction .con-
ferred by this act was ratified by act of congress, approved
March 3, 1891, 26 U. S. stat. 1026.    The same legislature
enacted a general comprehensive law covering the entire sub-
ject of probate jurisdiction and procedure, being chapter 18,

stat. 1893. This chapter contains seventeen different articles, each sub-divided into a number of sections, and embraces the entire subject of probate courts, decedents' estates, wills, administrators, executors, guardians, settlement of estates, and the procedure in such matter as well as what orders and judgments may be appealed from, and to what court such appeals shall be taken. Section 14, art. 13, of said chapter provides as follows:

"An appeal may be taken to the district court from a judgment, decree or order of the probate court:

"First. Granting or refusing or revoking letters testamentary or of administration or of guardianship.

"Second. Admitting or refusing to admit a will to probate.

"Third. Against or in favor of the validity of a will or revoking the probate thereof.

"Fourth. Against or in favor of setting apart property or making an allowance for a widow or child.

"Fifth. Against or in favor of directing the partition, sale or conveyance of real property.

"Sixth. Settling an account of an executor or administrator or guardian.

"Seventh. Refusing, allowing or directing the distribution or partition of an estate or any part thereof, or the payment of a debt, claim, legacy or distributive share, or,

"Eighth. From any other judgment, decree or order of the probate court or of the judge thereof, affecting a substantial right."

Section 27, of the same article, provides that if the appeal is on questions of law alone, the appellate court may reverse, affirm or modify the judgment, decree or order or the part thereof appealed from, and every intermediate order referred to in the notice of appeal, and may order a new

hearing. Section 28 provides that when the appeal is on questions of fact, or upon law and facts, the trial shall be *de novo,* and the court has all the original powers of the probate court in the trial of such matters, and may in its discretion refer the questions of fact to a jury as in chancery cases.

It is contended that the provision of art. 13, chap. 18, relating to appeals, is inconsistent with the provisions of the act extending the powers and jurisdiction of the probate court, subsequently ratified by congress, and that the last act must prevail. We cannot agree with this contention. These two statutes were enacted by the same legislature, each for a different purpose, and each applicable to a different class of cases, and hence do not come within the rule of repeal by implication. The act governing appeals from probate court in probate matters is a special act, applicable to that class of cases only; the other statute is a general one, apparently applicable to all classes of appeals in such cases. It is a well settled rule that a general act will not be construed as repealing a special act covering the same subject. (*U. S. v. Nix,* 189 U. S. 199; *Townsend v. Little,* 109 U. S. 504.)

It is also a well settled rule of construing statutory provisions that "repeals by implication are not favored, and when two statutes covering in whole or in part the same matter are not absolutely irreconcilable, effect should be given, if possible, to both of them." (*U. S. v. Greathouse,* 166 U. S. 601.) "It must appear that the latter provision is certainly and clearly in hostility to the former. If by any reasonable construction the two statutes can stand together, they must so stand. If harmony is impossible and only

in that event, the former law is repealed in part or wholly, as the case may be." (*State v. Stahl,* 17 Wall. 430.) "Repeals of statutes by implication are not favored, and are never admitted where the former can stand with the new act, but only where there is a positive and irreconcilable repugnancy, or the latter is plainly intended as a substitute for the former." (*Chen Heang v. U. S.* 112 U. S. 536.) "It is necessary to a repeal by implication that the objects of the two statutes must be the same; if they are not, both will stand, even though they refer to the same subject." (*U. S. v. Claflin,* 97 U. S. 546.) "It is a general rule, without exception in construing statutes, that effect must be given all their provisions, if such a construction is consistent with the general purposes of the act, and the provisions are not necessarily conflicting. All acts of the legislature should be so construed, if practicable, that one section will not defeat or destroy another, but explain and support it." (*Bernier v. Bernier,* 147 U. S. 242.)

Giving effect to the foregoing rules for interpretation, we find no difficulty in permitting both statutes to have effect. There is no such irreconcilable repugnancy as requires the one to yield to the other, and while the subject-matter is the same, the objects and purposes of the two statutes are different. The probate act covers the entire field of probate jurisdiction and constitutes the district court the appellate court with power to review any and all orders and judgments affecting the substantial rights of any person properly before it. It relates solely to matters purely probate, and it was evidently the intention and purpose of the legislature to give a cheap, speedy and effective mode of appeal

in all probate matters, whether the appeal be upon a question of law only, or upon both questions of law and fact.

The statute enlarging the jurisdiction of probate judges relates to a different class of cases. It confers upon these courts the power to hear and determine all causes, civil and criminal, within the ordinary jurisdiction of justices of the peace, and in addition gives such courts concurrent jurisdiction with the district court in civil causes where the amount in controversy does not exceed one thousand dollars; and in these classes of cases it provides a different mode of appeal and a different appellate court. When the appellant desires to have a question of law only reviewed, he may appeal directly to the supreme court, but if he desires a trial *de novo,* he may appeal to the district court. This statute having enlarged the powers and jurisdiction of the probate courts so as to embrace the trial of civil and criminal causes, it became necessary to provide the method of appeal in such case, and the court to which such appeals should be taken, and this statute was not intended to apply to any other cases or class of cases than those which it was enacted to cover. The law authorizing appeals in probate matters is specific, and could not be construed to embrace appeals in civil and criminal causes tried in the probate court, hence the necessity for enacting a new provision, regulating appeals in this class of cases.

We thus have one statute having for its object the appeal from orders and judgments of the probate court in probate proceedings. We have another statute having for its object the appeal from judgments of the probate court in civil and criminal causes. The objects being different, there

is no repugnancy, and hence no repeal by implication.

This was the view the court expressed when it dismissed the case of *Ward et al. v. The Board of County Commissioners of Logan County.*

The appeal in this case from the probate court of Cleveland county was an appeal from an order of the probate court affecting a substantial right, and the appellant had a right to the judgment of the district court upon the question presented by his appeal. It was error to dismiss the appeal.

The judgment of the district court of Cleveland county is reversed, and the cause remanded with directions to reinstate the appeal, and hear the cause. Reversed at the costs of defendant in error.

Irwin, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.