## M. J. Showers and O. Draper, v. Caddo County.

(Filed June 8, 1904.)

1. **APPEAL—Harmless Error.** When errors are assigned, which, if they exist, are purely technical, and such as do not affect any substantial right of the parties, this court will not reverse a decision of the district court on account of such errors.

2. **GENERAL STATUTE—Construction of.** A general statute is not to be considered as applying to cases covered by a special act on the same subject so as to change the procedure of such special statute.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before F. E. Gillette, Trial Judge.*

*Dyke Ballinger* and *Glitsch & Glitsch,* for plaintiffs in error.

*A. J. Morris, W. J. Matheny, J. C. Robberts, Attorney General,* and *Charles H. Woods, Assistant,* for defendant in error.

### STATEMENT OF FACTS.

This was an action brought in the district court in and for Caddo county, Oklahoma Territory, under chapter 58, of the Revised Statutes, entitled, "Officers," sections 3745, 3746, and 3747, charging the defendants in that court, plaintiffs in error in this court, with malfeasance in office as clerk, and director of school district No. 6, in Caddo county. Plaintiffs in error filed written objections to the legal sufficiency of the complaint, and assigned reasons why the complaint should be quashed, and the action dismissed, which the court, after hearing arguments of counsel, over-

ruled, to which ruling the plaintiffs in error excepted.   The plaintiffs in error then denied the accusation and complaint and a jury was empanelled to try the case.   The defendants below, plaintiffs in error, in this court, objected to the intro-duction of any evidence, which the court overruled, and to which the defendants saved exceptions.   The cause proceed-ed to trial, and the jury returned a verdict into court, an-nouncing the defendants guilty.   The court thereupon pro-nounced judgment upon said verdict, and made an order re-moving plaintiffs in error from office.   Plaintiffs in error, defendants in the court below, filed a motion in arrest of judgment, which was by the court overruled, and exceptions saved.   Plaintiffs in error then filed a motion for a new trial, which was by the court overruled, and exceptions saved, to all of which they excepted, and bring the action here for review.

Opinion of the court by

IRWIN, J.:   The first assignment of error insisted upon by plaintiffs in error for a reversal of this judgment, is, that the district court erred in overruling their objection to the complaint or accusation, because it failed to allege that the defendants were duly elected or appointed officers of the said school district No. 6, of Caddo county, as provided by stat-ute.   This prosecution is under section 3745, Wilson's Stat-utes, which reads as follows:

"All elective or appointed, county, township and other officers, may be charged, tried and removed from office for any of the causes set out in paragraphs 'c' and 'd,' of sec-tion 3443, * * *" and as the complaint in this case does not contain the specific allegation that the defendants

were elected or appointed, clerk and director respectively, of said school district, it is claimed by plaintiffs in error that the same is fatally defective. There are certain things the court will take judicial notice of. Among these, is public office created by statute, the manner of election or appointment, and the term of office provided for by statute. The office of director, and clerk of a school district, comes within this class. In the seventeenth volume of the Encyclopedia of Pleading and Practice, at page 242, the rule is laid down thus:

"Want of particularity in describing the office will not, in certain cases, render the indictment defective. If enough is set out to enable the court to take judicial notice of the fact that the office is one created by public statute, as well as the statutory duties thereby imposed."

In the case of *Spaulding v. People,* 172 Ill. 40, the court said:

"An allegation that the defendant, an officer of a state university, was the treasurer of a municipal corporation is immaterial, since the court will take judicial notice that the statute creating the university constitutes it a public corporation, and the officer a public officer."

And in the case of *U. S. v. Borneman,* 36 Fed. 257 the court said:

"A designation of the defendant as 'cashier of the assistant treasurer of the United States' sufficiently shows the particular character in which he is charged, since the court will take notice of the law applicable to his duties."

In the case of *People v. Potter,* 35 Cal. 110, it is said:

"An indictment for converting or embezzling the funds of a municipality, the government of which is vested by statute in a mayor, a common council, a city marshal, and other officers, which alleges that at the time of the commission of

the act charged the defendant was 'the city marshal' etc., sufficiently shows that at the time in question the defendant was an officer of the corporation."

In the case of *People v. Doss,* 39 Cal. 428, it is said:

"An allegation in an indictment found after the passage of an act 'to provide for the maintenance and supervision of common schools' which designates the defendant as 'county superintendent of common schools,' sufficiently describes the office held by defendant."

The accusation in this case alleges that at the time the acts complained of were committed, and at the time this action was commenced, the plaintiffs in error were the duly qualified and acting officers of the district, and that as such officers they committed the acts complained of. This was enough to inform the plaintiffs in error of what, and in what capacity they were charged, and sufficient for the court to take judicial notice of the statute creating the office and defining the duties thereof.

Section 5618, Wilson's Statutes, vol. 2, page, 1252, provides:

"On an appeal, the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

The parties were certainly informed by the allegations in the complaint that they were being prosecuted for acts done while acting in their official capacity, and these acts were set forth in detail, so we are unable to see how any substantial right was affected by omitting from the complaint the words "elected," or "appointed." Hence, we think there is no merit in this contention.

The next contention is "the accusation fails to show that the charges are brought by the board of county com-

missioners in the name of the county." The proceedings in this case are entitled as follows: "County of Caddo, plaintiff v. M. J. Showers and O. Draper, defendants." It is insisted by plaintiffs in error that these proceedings should have followed the provision of section 1231, Wilson's Statutes, which provides:

"In all suits or proceedings by or against the county, the name in which the county shall sue, or be sued, shall be 'Board of county commissioners of the county of———' " (in this case Caddo county). By the amendment, 3462, as contained in the Laws of 1895, page 96, section 5, in the chapter on counties and county officers, under the head of "Elections, suspensions, and removals," it is provided: "The board of county commissioners in the name of the county shall make the charges and bring the action  *  *  *." There might seem to be a direct conflict in these two statutes. One provides that actions should be prosecuted in the name of the board of county commissioners, and the other provides that the action shall be brought in the name of the county. But this is all made clear, and the conflict reconciled when we remember that section 1231 is a general statute, and the section under which these proceedings are brought is a special statute, applying to this particlar case. And taking the construction put upon such statutes by our supreme court in the case of *Carpenter v. Russell,* 73 Pac. 930, "A general act is not to be considered as applying to cases covered by a prior special act on the same subject," we think there is no conflict, and the proceeding being in conformity to the statute providing for the prosecution of such cases, is correctly entitled.

It is also objected to the complaint that it does not show that the charges were signed by the board of county commissioners. We do not think there is any authority in the statute requiring this. All that is required is that the

charges be brought by the county commissioners in the name of the county. It is expressly alleged in the complaint that on the 11th day of August, the board being duly convened in regular adjourned session, in the name of the county, said board did present and accuse, etc. This, we think, fully meets the requirements of the statute in this particular. This case was tried by a fair and impartial jury, and there is no contention that the evidence does not fully sustain the verdict, and as we find no error in the rulings of the court, the case is affirmed, at the costs of the plaintiffs in error.

Gillette, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.