## BEATY v. STATE *ex rel.* LEE.

No. 4718.  ·Opinion Filed March 25, 1913.

(130 Pac. 956.)

1. **CLERKS OF COURTS—**"County Office."  The office of clerk of the superior court is a county office.

2. **SAME—Term of Office—Repeal of Statute.**  Section 8 of the Act of March 6, 1909 (sections 1965-1976, Comp. Laws 1909; chapter 14, art. 7, Sess. Laws. 1909), in so far as it affects the term of the clerk of the superior court, is repealed by section 19 of the Act of March 19, 1910 (chapter 69, Sess. Laws 1910 [Ex. Sess.] pp. 129, 143).

3. **SAME—Election.**  The laws in force in this state at the time of the holding of the election for county officers in November, 1912, provided for the election of the clerk of the superior court.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by the State of Oklahoma, on the relation of Harold Lee, against James Beaty.  Judgment for plaintiff, and defendant brings error.  Affirmed.  ·

*Flynn, Chambers, Lowe & Richardson, Harris & Nowlin,* and *Wm. H. Zwick,* for plaintiff in error.

*G. A. Paul* and *Giddings & Giddings,* for defendant in error.

WILLIAMS, J.  The following questions are presented for our consideration:

(1)  Is the office of the clerk of the superior court a county office?

(2)  Was section 8 of the Act of March 6, 1909, creating and establishing a county superior court for each county of the

state having a population of 30,000 and a city therein of 8,000, and fixing the jurisdiction of said courts, for fixing the procedure, providing for judges of said courts, for the election, appointment, term of office, and compensation of said judges, providing for a clerk and stenographer, fixing compensation of the same, and declaring an emergency (chapter 24, art. 4, Comp. Laws 1909; chapter 14, art. 7, Sess. Laws 1909), in so far as it fixes the term of the clerk of the superior court, repealed by section 19 of the Act of March 19, 1910 (chapter 69, Sess. Laws, pp. 129, 143), entitled "An act relating to certain county and district officers"?

(3)   Did the law provide for the election of a clerk of the superior court at the general election held in November, 1912?

1.   Section 8 of the Act of March 6, 1909, creating superior courts (section 1972, Comp. Laws 1909), provides:

"The judge of each of said courts shall appoint a clerk who shall serve until the second Monday in January, 1911, or until his successor is elected and qualified; and such clerk shall be elected at every similar election every fourth year thereafter.   The duties of such clerk shall be the same relative to the said court as are provided for the clerk of the district court, and he shall give bond for the faithful performance of his duties as required of the clerk of the district court.   The clerk of said court under and by direction of the judge thereof shall procure a seal for said court, which shall have engraved thereon the words 'Superior Court of ———— County, Oklahoma,' (naming county) and said clerk shall receive the same fees and be paid in the same manner as provided for the clerk of the district court."

By this section it is intended that the clerk of said court was to be elected at the general election for county officers to be held in 1910.   The Act of March 19, 1910 (chapter 69, Sess. Laws 1910, pp. 129, 143), relates to certain *county* and *district* officers. Section 1 prescribes the fees to be charged by the clerk of the superior, county, and district courts; sections 2, 3, 4, 5, and 6, respectively, the fees to be charged by the county judge, register of deeds, county clerk, county treasurer, and sheriff.   Section 7 of said act provides that the county shall in no case be responsible for any fees, salaries, or expenses for any county or subdivision officer, unless expressly allowed by law.   Section 9 also provides that at each monthly meeting of the board of county commission-

ers the clerk of the district court, the clerk of the superior court, the clerk of the county court, the county clerk, and the register ·of deeds shall each file a verified report of the work of the preceding month showing the total fees charged in each case, and the total fees collected in each case, and shall pay all of such fees into the county treasury, and file duplicate receipts therefor with the county clerk. Section 10 provides for the rendering of an itemized and verified report of the work of the sheriff for the preceding month, etc. Section 11 permits the county commissioners in their discretion to allow a jailer. Section 12 relates to the appointment of deputy sheriffs. Section 13 prescribes the fees to be taxed and collected in all criminal cases to be known as county attorney's fees, which shall be paid into the county treasury. Section 28 fixes the salary of the judge of the superior court; section 29 the salary of the county judge and county attorney; section 30 that of the clerk of the district court, superior courts, county clerk, county treasurer, and register of deeds. Section 36 prescribes the fees to be charged by justices of the peace, and section 38 the fees to be charged by notaries and section 39 that for bailiffs. The superior court, though its jurisdiction is confined to the limits of the county, is a part of the judicial department of the state, with practically the same functions as those of the district court, and the judge of said court has for that reason been held not to be a county officer. *Chickasha Cotton Oil Co. v. Lamb & Tyner,* 28 Okla. 275, 114 Pac. 333; *State ex rel. West, Atty. Gen., v. Breckinridge,* 34 Okla. 649, 126 Pac. 806.

*Jefferson v. Toomer,* 28 Okla. 658, 115 Pac. 793, was disposed of on the assumption that the clerk of the superior court was a county officer, as counsel for all parties in their briefs so treated it. The fact that the act creating superior courts provided for the judges of said .courts to be elected at the time the county officers are elected did not of itself have the effect of making such office a county office, especially in view of the character of such office. The clerk of the district court, a court of equal rank, was specifically made by law a county officer. Said clerk and the clerk of the superior court in said Act of March 19, 1910, are treated on a parity and in the same manner by the Legislature. It

is obvious that the Legislature has not only treated the clerk of the superior court as a county officer, but intended that it should be such. There being nothing in the character of his position that would overcome such legislative intention manifested by the history of this legislation, we conclude that the clerk of the superior court is a county officer.

Section 19 of the Act of March 19, 1910, provides that:

"All county, township and district officers elected at the general election in the year 1910 enter upon the duties of their office on the second Monday in January, 1911, and shall hold until the first Monday in January, 1913, and until their successors are elected and qualified; and thereafter the terms of all such officers shall be for two years and until their successors are elected and qualified. Provided, that the county treasurer and superintendent of public instruction shall hold office until the first Monday in July, 1913, and thereafter their terms of office shall be for two years, and until their successors are elected and qualified."

The terms of all county and township officers, including those elected at the time of the adoption of the Constitution, as well as those appointed under the provision of the laws extended in force in the state at the time of its erection, expired on the second Monday in January, 1911, and thereafter the terms of county officers and township officers were to be as provided by the laws of the territory of Oklahoma for like named officers, except as otherwise provided in the Constitution. Section 18, Schedule to the Constitution; section 382, Williams' Ann. Const. Okla. By section 2, art. 17, of the Constitution (section 320a, Williams' Ann. Const. Okla.), there was created, subject to change by the Legislature, in and for each organized county of this state, the offices of the judge of the county court, county attorney, clerk of the district court, county clerk, sheriff, county treasurer, register of deeds, county surveyor, superintendent of public instruction, three county commissioners, and such municipal township officers as were then provided for under the laws of the territory of Oklahoma, except as otherwise provided in the Constitution. Under the territory of Oklahoma each district court appointed its clerk, who held office subject to the pleasure of the court. Organic Act May 2, 1890; section 9, St. Okla. 1893, p. 43; 26 Stat. 81, c. 182. The term for the district clerk, after the expiration of the

term of such clerk elected at the time of the ratification of the Constitution, which expired on the second Monday in January, 1911, had not been fixed by law prior to the time of the passage of the Act March 19, 1910, relative to certain *county* and *district* officers. By section 19 of this act the terms of all county, township, and district officers were ultimately to be two years. The county treasurer and superintendent of public instruction were to hold until the first Monday in July, 1913. This provision was inserted evidently with a view that their terms might expire with the fiscal year, after which time their offices would regularly be for the term of two years. When there are two acts, one relating generally to a subject and another to a special part or class of such subject, unless they are aboslutely irreconcilable, effect should be given, if possible, to both. This is a general rule of construction. *Kuchler v. Weaver,* 23 Okla. 420, 109 Pac. 915, 18 Ann. Cas. 462.

In *Trapp v. Wells Fargo Express Co.,* 22 Okla. 377, 97 Pac. 1003, it is said:

"Statutes may not be revoked or altered by construction when the words may have their proper operation without it, but, in the nature of things, contradictions cannot stand together; and where there is an act or provision which is general and applicable, actual or potential, to a multitude of subjects, and there is also another act or provision which is particular and applicable to one of these subjects, and inconsistent with the general act, they are not necessarily so inconsistent that both cannot stand, though contained in the same act, or though the general law were an independent enactment. The general act would operate, according to its terms, on all the subjects embraced therein, except the particular one which is the subject of the special act, which would be deemed an exception, unless the terms of the latter, which were general, manifestly intended to exclude the exception."

See, also, to the same effect *McKeever v. Colvin,* 31 Okla. 715, 123 Pac. 156; *Incorporated Town of Valiant v. Mills et al.,* 28 Okla. 811, 116 Pac. 190; *Showers v. Caddo County,* 14 Okla. 157, 77 Pac. 189; *McMillan v. Board of County Commissioners,* 14 Okla. 659, 79 Pac. 898; *Carpenter v. Russell,* 13 Okla. 277, 73 Pac. 930; *A., T. & S. F. Ry. Co. et al. v. Haynes,* 8 Okla.

576, 58 Pac. 738; *Goodson v. United States,* 7 Okla. 117, 54 Pac. 423.

In *Maben v. Rosser et al.,* 24 Okla. 588, 103 Pac. 674, recognizing the foregoing rule of construction, it is said:

"It is true that this rule of construction must yield to that other and always superior canon of construction which declares that, in construing a statute, the primary object shall be the intention of the lawmakers, and, when any rule of construction defeats that intention, it must be abandoned. Rules of construction are but aids to the accomplishment of this primary object."

Where the meaning intended by the use of a certain word or phrases of certain words in a statute is uncertain, the intention will be ascertained by consideration of the entire statute and other statutes concerning the subject-matter and the history and surrounding conditions at the time of its enactment. *Rakowski v. Wagoner,* 24 Okla. 282, 103 Pac. 632; *Trapp v. Wells Fargo Express Co.,* 22 Okla. 377, 97 Pac. 1003; *Winslow v. France,* 20 Okla. 303, 94 Pac. 689; *Territory of Oklahoma ex rel. Sampson v. Clark,* 2 Okla. 82, 35 Pac. 882.

Construing the act in the light of its title, to wit, "An act relating to certain county and district officers," clerks of the district, superior, and county courts, county judges, registers of deeds, county stenographers, county attorneys, assistant county attorneys, judges of the superior courts, county commissioners, county superintendents of public instruction, justices of the peace, court bailiffs, and notaries, and the history of this legislation, we conclude that as the term is used in the title of said act the clerk of the superior court is a county officer and the judge of said court a district officer.

Section 5 of the Act of March 6, 1909 (chapter 14, art. 7, p. 182; section 1969, Comp. Laws 1909), is as follows:

"At the general election of county officers to be held in the year 1910, and at every similar election every fourth year thereafter, the qualified electors of such county wherein a superior court has been established, as provided in this act, shall elect a judge of said court for such county to serve from the second Monday of the following January until the second Monday of January four years thereafter and until his successor shall be elected and qualified."

The Third Legislature evidently construed section 19, c. 69, Session Laws of the Extraordinary Session 1910, p. 137, as by implication repealing said section 5, and fixing the term of the judges of the superior courts at two years, for on March 16, 1911, it enacted that:

"At the general election of county officers to be held in the year 1914, and at every similar election every fourth year thereafter, the qualified electors of all counties wherein a superior court has been established shall select a judge of said court for such county to serve from the first Monday of the following January until the first Monday in January, four years thereafter, and until his successor shall be elected and qualified." (Section 1, c. 94, Sess. Laws 1911, p. 206.)

Section 2 of said act also provides:

"All acts and parts of acts in conflict herewith and all acts and parts of acts providing for the election of judges of the superior courts at the general election to be held in the year 1912 are hereby repealed."

In *Tiger v. Western Investment Co.,* 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738, the rule of construction is announced that subsequent congressional legislation may be considered as an aid to the interpretation of prior legislation upon the same subject. The acts of Congress under consideration in the Tiger case were passed by different Congresses. It may be urged that the Act of March 16, 1911, providing for the election of the judges of the superior courts, the first election to be held in 1914 and every four years thereafter, repealing section 16 of the Act of March 19, 1910, as far as it affected the judges of the superior courts, would have the effect of extending the term of office of such judges as were elected at the state election in 1910 for an additional period of two years. Such is not the case, for, if that had been intended by the Legislature, said act would be repugnant to section 10, art. 23, of the Constitution. It is a well-settled rule of construction that where an act is susceptible of two constructions, one of which would render it valid and the other invalid, that must be adopted which sustains the act. 2 Lewis' Sutherland Statutory Const. (2d Ed.) sec. 498, p. 927.

The Act of March 6, 1909 (chapter 14, art. 7, p. 182, Sess. Laws 1909; section 1969, Comp. Laws 1909), provides that such

Beaty v. State ex rel. Lee.

judge as may be elected in the year 1910 shall serve "\* \* \* until his successor shall be elected and qualified." It is suggested that, as said provision does not provide that he shall serve until his successor is elected or appointed and qualified, therefore, no vacancy has occurred which can be filled by the Governor under section 13, art. 6 (section 162, Williams' Ann. Const. Okla.), of the Constitution of this state. That question is not essential here to be determined in order to dispose of this case and no opinion is, therefore, expressed thereon. The entire act or statute is to be examined with a view of arriving at the true intention of each part, and effect, if reasonably possible, is to be given to the whole act, and to every section or clause. If different portions seem to conflict, courts must harmonize them, if practicable, favoring that construction which will render every word operative, rather than one which makes some words idle and nugatory. *Trapp v. Wells Fargo Express Co., supra; Territory v. Clark, supra.*

Following this rule of construction the foregoing conclusions give effect to the entire Act of March 19, 1910, and bring about harmony in the tenure of offices of like kind in the state, to wit, judges of the superior courts and district courts to hold for four years and all county and township officers to hold for a period of two years. In reaching this conclusion, we believe that we have unerringly carried out the intention of the Legislature.

It follows that the judgment of the trial court must be affirmed.

All the Justices concur.