## N. RANDOLPH v. JOHN HUDSON.

(Filed June 30, 1900.)

APPEAL FROM PROBATE COURT—*Jurisdiction of District Court.* The district court has jurisdiction of causes appealed from the probate court, when questions of fact are to be retried, whether the case be one within the jurisdiction of a justice of the peace or of the district court.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Jno. L. McAtee, District Judge.*

*Frank Purcell,* for plaintiff in error.

*O. D. Hubbell* and *W. S. Denton,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   This action was commenced before the probate court of Garfield county to recover the sum of two hundred and seventy-five dollars and accrued interest upon a promissory note. The plaintiff Hudson recovered judgment against Randolph for the sum of $384.-50, and costs. Randolph appealed to the district court

upon both questions of law and fact. In the district court the appeal was dismissed on motion of Hudson and cause remanded to the probate court. The record shows that the grounds upon which the trial court dismissed the appeal was that no appeal will lie from the probate court to the district court in causes wherein the two courts have concurrent jurisdiction. From the judgment dismissing the appeal the plaintiff in error brings the cause to this court for review.

The question involved in this case was fully considered and passed upon in the case of *Decker v. Cahill*, decided at the present term. In that case it is held that when a judgment is rendered in the probate court in a civil cause, the defeated party may elect whether he will have the case retried on questions of fact on appeal, or whether he will have it reviewed on questions of law only. If questions of fact are to be retried on appeal, although questions of law are also involved, the cause must be appealed to the district court, but if questions of law only are to be reviewed the case must be taken to the supreme court. The court to which the appeal is to be taken is not determined by the amount involved, but by the questions to be tried.

On the authority of *Decker v. Cahill*, and the former cases decided by this court, the judgment of the district court of Garfield county is reversed, and cause remanded for further proceedings at costs of defendant in error.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.