FRANK McMASTER v. THE PEOPLES BANK OF EDMOND AND
J. R. KEATON.

(Filed September 10, 1903.)

**APPEAL—Will not Lie, When.** An appeal does not lie from an order
of the district court, vacating a judgment which dismisses an
appeal from the probate court.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before
Frank E. Gillette, Trial Judge.*

*Frank McMaster,* for plaintiff in error.

*Shartel, Keaton & Wells,* and *F. P. Cease & W. C. Stevens,* for defendants in error.

STATEMENT OF FACTS.

The record filed in this court is very imperfect and unsatisfactory. It does not contain the pleadings in the cause, nor are we informed what the cause of action is based on. It does appear that on January 30, 1902, Frank McMaster obtained a judgment in the probate court of Comanche county against the Peoples Bank of Edmond, John M. Anglee and J. R. Keaton for the sum of $525.00 damages and $15.25 costs in said cause. On February 7, 1902, an appeal bond was filed with the probate judge and by him approved, which bond reads as follows:

"Oklahoma Territory, County of Oklahoma, ss.

"Know all men by these presents, That the Peoples Bank of Edmond and J. R. Keaton as principals, and O. D. Halsell and W. S. Patton and F. M. English, as sureties, are held and firmly bound unto Frank McMaster in the sum of eleven ($1,100) dollars, for the payment of which well and truly to be made we hereby bind ourselves, our heirs, executors and administrators firmly by these presents.

Statement of Facts.

"The conditions of the above obligation are such that, whereas, the said Peoples Bank of Edmond and J. R. Keaton intend to and do hereby appeal to the district court within and for said county of Comanche and Territory of Oklahoma, from a judgment rendered against them in favor of said McMaster in the probate court of said county for the sum of $525.00 and costs taxed at $———, on the 30th day of January, 1902, at the city of Lawton in said county.

"Now, therefore, if the said Peoples Bank of Edmond and J. R. Keaton, appellants, will prosecute said appeal to effect and without unnecessary delay and will, if judgment be rendered against them on the appeal, satisfy such judgment and costs, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands this 31st day of January, 1902.

[BANK SEAL.]

"THE PEOPLES BANK OF EDMOND,
    "By W. S. PATTON, its Cashier
        "J. R. KEATON,
        "O. D. HALSELL,
        "W. S. PATTON,
        "F. M. ENGLISH."

Upon the filing and approval of this bond, the probate judge transmitted the case to the clerk of the district court, where the cause was regularly docketed. On February 27, 1902, Frank McMaster filed in the district court the following motion:

"No." 87. Territory of Oklahoma, Comanche County, ss.
    In the District Court.
    *The Citizens Bank et al. v. The Peoples Bank et al.*

"MOTION.

"Now comes the plaintiff herein, by Frank McMaster, its attorney, and moves the court to dismiss the appeal herein for this, that, 1. The transcript filed herein is not signed by the

judge of said court. 2. The transcript herein was not filed within the time prescribed by law for the filing thereof. 3. The district court has no jurisdiction to retry *de novo* upon appeal or in any other manner, a case tried and heard and judgment entered thereon in the probate court, when the amount involved is above one hundred dollars, or the jurisdiction of a justice of the peace, as was true of the case heard and the judgment entered in the case herein.

· Wherefore the plaintiff in said cause and appellee herein asks that said appeal be dismissed and remanded to said probate court.

"FRANK MCMASTER,

"Attorney for Appellee.

"ROBERT RAY, of counsel."

On March 1st, 1902, the court heard this motion in the absence of the appellants, and dismissed the appeal and remanded the cause to the probate court, and upon the same day the court adjourned for the term.

On March 15, 1902, the appellees, together with their co-defendant below, Anglee, filed a motion supported by affidavits, asking the court to set aside and vacate the order of dismissal entered in said cause on March 1st, and on March 17th, obtained from the judge of the district court in chambers an order suspending and staying all further proceedings in said cause until the determination of said motion to vacate. And thereafter on the 24th day of·November, 1902, the district court being in regular session, heard said motions upon affidavits and the record, and sustained the motion to set aside and vacate the order of dismissal, and reinstated said appeal.

From the order vacating the judgment of dismissal and reinstating the appeal, McMaster appeals to this court. No

final judgment has yet been rendered in the cause, and it is pending in the district court for trial on the merits.

Opinion of the court by

BURFORD, C. J.: A great many questions have been argued by counsel in their briefs which it will not be necessary to determine in this cause. As we view the case, the motion to dismiss the petition in error is well taken, and the other questions argued will only arise for our consideration on appeal from a judgment on the merits, or at least from a final judgment in the case. However, there is one contention of counsel for plaintiff in error that we deem it expedient to dispose of at this time. It is argued that the amount involved being more than one hundred dollars, that no appeal lies from the probate court to the district court in such case, and evidently this was the theory upon which he procured the dismissal of the appeal in the district court. This question has been before this court in a number of cases, and we think has been finally determined adverse to the views contended for by the distinguished counsel for plaintiff in error.

In *Decker v. Cahill,* 10 Okla. 251, this court specifically held that from all judgments of the probate court in civil cases, where the person appealing desires to have a trial *de novo,* the appeal must be taken to the district court, and if only questions of law are to be reviewed, then to the supreme court. And in *Randolph v. Hudson,* 10 Okla. 398, it was said: "The district court has jurisdiction of causes appealed from the probate court when questions of fact are to be retried, whether the case be one within the jurisdiction of a justice of the peace or of the district court." And there is nothing in this view repugnant to the constitutional provision

that "In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined by any court of the United States than according to the rules of the common law." (Seventh amendment to constitution.) This means the common law jury of twelve, and our law makes no provision for such a jury in the probate court, and if a litigant is not content with the verdict of a jury of six as provided for that court, he is given the right of appeal to the district court where the constitutional jury is provided for him. And it is generally held that the right of trial by jury is "preserved if the party is given the right of appeal to a court where such jury is provided for him, although he does not have it in the first instance."

It was so held by the supreme court of the United States in *Capital Traction Company v. Hof,* 174 U. S. 1, which case involved the constitutionality of an act of congress for the district of Columbia. And the state courts generally hold to the same doctrine. (*State v. Beneke,* 9 Iowa, 203; *Zelle v. McHenry,* 51 Iowa, 572; *Moundsville v. Fountain,* 27 W. Va., 182; *Wong v. Astoria,* 13 Ore. 538; *Emporia v. Volmer,* 12 Kan. 622; *State v. Brennan,* 25 Conn. 278; *State v. Everett,* 14 Minn. 439; *Com. v. Whitney,* 108 Mass. 5; *Beers v. Beers,* 4 Conn. 535; *Norton v. McLeary,* 8 Ohio, St. 205; *Wilson v. Simonton,* 8 N. C. 482; *Steuart v. Battemore,* 7 Md. 500.)

On appeal from the probate court to the district court, the district court takes merely appellate jurisdiction. (*Vowell v. Taylor, et al.,* 8 Okla. 625), and hears the case as one within the jurisdiction of the court from which the appeal

was taken. But while this is true, it does not follow that the appellate court acts as a court of review to correct errors, for such is not the case in appeals of this character. The district court, on appeal from the probate court, of a civil cause, tries the case *de novo;* and in a case where the amount in controversy is over one hundred dollars, the cause proceeds the same as if it had been originally brought in the district court. The appeal in such cases suspends the judgment in the probate court until the appeal is disposed of, and if the appeal is dismissed, the judgment appealed from becomes operative, and can be enforced. On the other hand, if the case is dismissed in the appellate court, or a final judgment rendered in such court, the judgment appealed from is thereby vacated and non-effective.

It is also contended with much learning and force that the district court has no power after the term at which a judgment is rendered to vacate or modify such judgment. Undoubtedly such was the rule at common law, and is yet the rule in all jurisdictions where the statute has not abrogated it. In this territory, the power of a court to modify or vacate its own judgments or orders, is regulated by statute, and the cases cited sustaining the common law doctrine have no application. Sec. 4760, Wilson's Stat., provides: "The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made, * * * ." Then follows the causes for which it may vacate its judgments or orders, amongst which is, for "irregularity in obtaining a judgment or order." It was under the power here given that the defendants in error invoked the action of the district court in

vacating the order of dismissal. And under the authority conferred by section 4765, Wilson's Stat., they obtained the order of the judge suspending proceedings in said cause until the motion to vacate should be heard. The judge had power to make this order, and the court had power after the term to vacate the judgment of dismissal. The proceedings were not void, and that is all we need decide at this time. If the proceedings are erroneous for any cause, such errors must be presented at another time.

The right of appeal, and what class of orders and judgments may be appealed from, are regulated by statute. The general rule is that an appeal will only lie from a final judgment, and on such appeal all intermediate orders and rulings may be reviewed, and such rule will control, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized prior to final judgment.

Our statute on the subject of appeals in civil causes was adopted from Kansas, and has been frequently construed by the supreme court of that state. The statute, sec. 4436, and 4735, Wilson's Stat., are as follows:

"Sec. 4436. The supreme court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, a final order; second, an order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a

new trial; or that confirms, or refuses to confirm, the report of a referee; or that sustains or overrules a demurrer; third, an order that involves the merits of an action, or some part thereof."

"Sec. 4735. , An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

The order appealed from in this case is an order vacating and setting aside a judgment of dismissal, and which permits the appellee in the district court to have a trial and make his defense. It is not a final order because it leaves the parties in court to have the issues tried on the merits. It does not grant or refuse a continuance; discharge, vacate or modify a provisional remedy; nor does it grant, refuse, vacate or modify an injunction. It cannot be contended that it grants or refuses a new trial, for no trial has been had yet in the district court. It does not relate to the report of a referee, nor does it sustain or overrule a demurrer. It does not involve the merits of the action, or any part thereof. It cannot be said to be an order affecting a substantial right which in effect determines the action, or prevents a judgment; it is not made in a special proceeding, nor in an action after judgment, for it does not relate to an execution, or to the enforcement or suspension of a judgment in the district court. Then, if it does not come within some one of these provisions, by what authority can this court review such order? The organic act gives the right of appeal from all final determinations of the district court, but the plaintiff in

error does not come within this very liberal provision.

The supreme court of Kansas in *McCulloch v. Dodge,* 8 Kan. 476, very fully discusses this statute, and the principles there stated are applicable to the case at bar. Other Kansas cases construing the statute on appeals and holding certain orders not appealable, are as follows: Overruling motion to dismiss a cause appealed from a justice of the peace, *Dolbee v. Hoover,* 8 Kan 124. Overruling motion to dismiss made by defendant, *Brown v. Kimble,* 5 Kan. 80. Overruling motion to dismiss made by appellee, *Edenfield v. Barnhart,* 5 Kan. 525: Order setting aside and vacating a judgment, *Short v. Nooner,* 16 Kan. 220. Order vacating a judgment rendered on default, *Kermeyer v. Kan. Pac. Ry. Co.,* 18 Kan. 215; also *Flint v. Noyes,* 27 Kan. 351. Overruling a motion to dismiss an appeal, *Anderson v. Higgins,* 35 Kan. 201. Order vacating a judgment, *List v. Jackheck,* 45 Kan. 349 and 748. These cases fully substantiate the position that the order now under consideration it not an appealable order, and the motion to dismiss the appeal must be sustained.

Counsel for plaintiff in error requests us to determine whether or not the appeal from the probate court to the district court was properly taken. It appears that the judgment was a joint one against three defendants. Only two of them joined in the appeal bond, and the bond only obligates two of the defendants to the plaintiff. What effect this had upon the appellants, or upon the non-appealing defendant, does not appear to have been passed upon by the district court. The question is not properly before us, as the case must be dismissed. This question is one in the first instance for the dis-

trict court, and if the case comes here after final judgment, we may then pass upon the effect of such proceedings.

The appeal is dismissed at the cost of the plaintiff in error, and the cause remanded to the district court of Comanche county, for further proceedings.

Gillette, J., who heard the motion below, not sitting; Hainer, J., concurring in the result; all the other Justices concurring.