### GRUNAWALT V. GRUNAWALT.

No. 1044.  Opinion Filed September 14, 1909.

(104 Pac. 905.)

1. **APPEAL AND ERROR—Defects in Case-Made—Dismissal.** Where error is brought to this court by case-made and also by a transcript, and the questions sought to be presented are raised on the face of the record proper, a motion to dismiss because of defects in the case-made will be overruled.

2. **APPEAL AND ERROR—Appealable Order—"Final Order."** Where a motion made by defendant to strike certain portions of plaintiff's petition is sustained, and no further action is taken by the court, the same is not a final or appealable order, sufficient to vest jurisdiction in the Supreme Court to entertain an appeal from such action.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; J. H. King, Judge.*

Action by David Grunawalt against Eva Grunawalt. From an order striking certain paragraphs from the petition, plaintiff brings error. Dismissed.

*Brook & Brook,* for plaintiff in error.
*Bailey & Wyand,* for defendant in error.

DUNN, J. To the petition of plaintiff, filed in the trial court, counsel for defendant presented a motion to strike therefrom certain paragraphs, which was sustained by the district court. Counsel for plaintiff have sought to bring the cause to this court by case-made, and also by incorporating the ruling in a bill of exceptions on a transcript. There has been lodged herein a motion on the part of counsel for defendant to dismiss the action because of defects in the case-made. The petition in error raises such questions only as are apparent on the face of the transcript. Hence it is not material that the case-made was not properly prepared, served, or filed, and the motion on this point must be overruled.

The action must be dismissed, however, on another ground,

to-wit, that this court is without jurisdiction to entertain it. Section 535, art. 22, c. 66 (section 4733) Wilson's Rev. & Ann. St. Okla., 1903, provides:

"The Supreme Court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First. A final order. Second. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm, the report of a referee; or that sustains or overrules a demurrer. Third. An order that involves the merits of an action, or some part thereof."

Under neither of the subdivisions contained in the foregoing sections will the action of the court in this case fall, unless it would be the first, which is denominated a final order.

Section 537, art. 22, c. 66 (section 4735) Wilson's Rev. & Ann. St. Okla. 1905, defines a final order as follows:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this article."

While the action taken by the court in this case in sustaining the motion to strike from the petition the controverted paragraphs, may result ultimately in determining the action, it does not in itself affect its determination. The cause still pends in the district court, and it on motion might allow an amendment to the petition, or, if this were refused, might sustain a demurrer on the part of defendant, or render judgment upon the pleadings when the final issues are made up. Then, as is provided in section 4733 of Wilson's Statutes, supra, on appeal the Supreme Court may reverse, vacate, or modify this intermediate order. Until some such final

action is taken by the court, sustaining the motion filed by the defendant to this pleading was merely interlocutory, and from it no appeal will lie.

The Supreme Court of Georgia, in the case of *Johnson v. Battle,* 120 Ga. 649, 48 S. E. 138, on the presentation of a similar question, held:

"Unless there has been a final termination of the case in the court below, a writ of error will not lie to an order striking a plea, even though the effect of such order may be to entitle the plaintiff to a judgment or verdict as matter of course."

For a further discussion of this section of the statute, see, also, *McMaster v. Peoples' Bank,* 13 Okla. 326, 73 Pac. 946.

The appeal is accordingly dismissed.

All the Justices concur.