tion presented here for the first time. Walker v. Johnson, 28 Minn. 147, 9 N. W. 632; Lace v. Fixen, 39 Minn. 46, 38 N. W. 762; Parker & Tisdale v. Wiggins, 10 Kan. 420.

The counterclaim stated a good cause of action, but was not a proper subject of counterclaim in this action had objection been made to it. This objection was not made in the court below, and comes too late when made for the first time in briefs filed in this court. Counsel might have objected to the counterclaim by way of demurrer to the answer. This was not done. They saw fit to file the reply and submit the cause to the jury on the issue of former adjudication, and cannot be heard here to change the theory of defense. Border v. Carrabine, 24 Okla. 609, 104 Pac. 906; Wallace v. Killian, 40 Okla. 631, 140 Pac. 162.

The court erred in directing a verdict on the affirmative defense without evidence to support that defense.

The case is reversed and remanded for a new trial.

All the Justices concur.

on January 20, 1916, defendant filed a motion to vacate and set aside said judgment upon certain jurisdictional grounds, to which plaintiff filed his answer. This motion was treated by the court as a petition to vacate the judgment, and, upon hearing thereof, the court set aside the judgment theretofore rendered in favor of plaintiff. It is from the order vacating and setting aside the judgment rendered in favor of plaintiff that this appeal is prosecuted.

It is urged by defendant that the appeal should be dismissed, upon the ground that the order of the court vacating and setting aside said judgment is not a final order from which an appeal lies. This contention must be sustained. It is well settled in this jurisdiction that an order vacating and setting aside a judgment is not a final order within the contemplation of Rev. Laws 1910, secs. 5235, 5236, and that no appeal lies therefrom. Town of Byars v. Sprouls, 24 Okla. 299, 103 Pac. 1038; Smith v. Whitlow et al., 31 Okla. 758, 123 Pac. 1061; Berger Mfg. Co. v. School Dist. No. 10, 44 Okla. 436, 144 Pac. 1023.

The appeal is accordingly dismissed.

---

## LARAMOUR v. CAMPBELL.

No. 8520—Opinion Filed Oct. 9, 1917.

(168 Pac. 216.)

(Syllabus by the Court.)

**Appeal and Error—Orders Appealable—"Final Order."**

An order made by the district court vacating and setting aside a judgment theretofore rendered is not a final order from which an appeal lies.

Error from District Court, Seminole County; Geo. C. Crump, Assigned Judge.

Action by William Laramour against Don Campbell. Judgment for plaintiff, and from an order setting aside the judgment he brings error. Dismissed.

J. A. Baker, for plaintiff in error.

Fowler & Biggers, for defendant in error.

PER CURIAM. On August 4, 1915, plaintiff, Wm. Laramour, sued defendant, Don Campbell, in damages for failure to perform a parol contract. Defendant demurred to the petition, which demurrer was overruled, whereupon, defendant electing to plead no further and to stand upon his demurrer, judgment was rendered in favor of plaintiff for the amount claimed and defendant granted time within which to perfect an appeal to the Supreme Court. Thereafter,

## ROGERS, County Treasurer, v. BASS & HARBOUR CO.

No. 6502—Opinion Filed Oct. 9, 1917.

(168 Pac. 212.)

(Syllabus by the Court.)

**1. Taxation—Legislative Powers—Constitutional Provisions.**

Section 20, art. 10, Williams' Annotated Constitution, providing that "the Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws confer on the proper authorities thereof, respectively, the power to assess and collect such taxes," does not constitute a limitation upon the powers of the Legislature to impose taxes in which the state has a sovereign interest, although of a municipal character, such as taxation for police protection, for streets, highways, and bridges, for the purpose of establishing and maintaining a public school system. etc.

**2. Counties — Taxation — Levy by Excise Board.**

The members of the excise board are officials of the county, chosen by the electors thereof, and taxes levied by them for county purposes are levied in theory and in fact by the proper officials of said county.

**3. Municipal Corporations — Taxation — General Laws.**

The provisions of the charter of the city of Muskogee in so far as they regulate the