## PRINCE et al. v. WILD HORSE DRAINAGE DIST. NO. 1.

No. 19319. Opinion Filed July 15, 1930.

Rehearing Denied Oct. 7, 1930.

Bowling & Farmer, for plaintiffs in error.

Albert Rennie, for defendant in error.

FOSTER, C. This cause originated before the county commissioners of Garvin county. A petition was filed to establish a drainage district known as Wild Horse Drainage District No. 1. Viewers were appointed and made their report. A petition was thereafter made to the district judge, who appointed viewers and surveyors, who made a report, and after the same was filed publication of a hearing was had before the county commissioners, and on the date of the hearing objections were filed by plaintiffs in error here. The objections and exceptions to the report were chiefly upon the grounds that no necessity existed for the establishment of said drainage district.

We do not think it necessary to set out in detail the substance of the allegations contained in the petition and reports for the establishment of the drainage district, as it seems to be admitted that the procedure as provided by statute was substantially followed.

The county commissioners overruled the objections made by plaintiffs in error here to the establishment of said drainage district, and said plaintiffs in error appealed to the district court of Garvin county. A motion was filed by the commissioners to dismiss the appeal, which was by the court sustained, and from that order an appeal is prosecuted to this court.

The defendant contends that the appeal in this court should be dismissed, because plaintiffs in error have not complied with Rule 26 of this court, and that the cause is not properly brought to this court by transcript. Plaintiffs in error allege several grounds for a reversal. As we have examined the record, we do not think it necessary to pass upon the contention of defendant, nor upon any of the contentions of plaintiffs in error, except the one concerning the right of these plaintiffs in error to appeal from the order of the board of county commissioners establishing the district.

It is admitted by both parties that the trial court dismissed the appeal from the board of county commissioners on the theory that an appeal would not lie from the order of said commissioners establishing the drainage district. We think the court was correct, and that no appeal lies from the board of county commissioners to the district court from such an order.

Chapter 38, C. O. S. 1921, provides for the establishment of drains and ditches. This chapter makes the board of county commissioners ex-officio commissioners of the drainage district. Section 6040 of that chapter defines the authority of the county commissioners, and, in part, provides as follows:

"The commissioners shall have exclusive jurisdiction to hear and determine all contests and objections to the creation of such district and all matters pertaining to the same, and shall have exclusive jurisdiction in all subsequent proceedings of the district, when organized, except as hereinafter provided; and they may adjourn hearing on any matter connected therewith from day to day. All judgments rendered by said commissioners in relation to such proceedings shall be final, except as herein otherwise provided."

It will be noted that all judgments of the commissioners shall be final, except as herein otherwise provided. In our opinion this means, except as provided in the chapter on drains and ditches. The only provision for an appeal is provided in sections 6057 and 6058, C. O. S. 1921, which sections set out the matter from which an appeal may be taken to the district court. From an examination of these sections, we find there is no provision for an appeal from an order of the county commissioners establishing a drainage district.

Plaintiffs in error, however, contend that this action is governed by section 5834, C. O. S. 1921, which provides for an appeal from the orders of the board of county commissioners, and comes under the chapter providing for the powers and duties of county commissioners; it being the contention of plaintiffs in error that section 5834, supra, is a special act, and section 6040 is a general act, and that the special act controls. To support this proposition plaintiffs in error cite many cases supporting the general rule that where there is a special act and a general act covering the same subject-matter, the special act is controlling. With this contention we agree. But as we view the two statutes relied upon, we come to the conclusion that section 5834, governing appeals from the board of county commissioners under the general subject of county commissioners, is a general act, and that section 6040, which is a part of the chapter on drains and ditches, is a special act, and would therefore be controlling under the facts here presented.

Several cases are relied upon by plaintiffs in error to the effect that all orders of the board of county commissioners may be appealed to the district court, but from an examination of these cases we find that they do not apply to the facts in the case at bar. They are all cases coming under the general powers of the board of county commissioners, and not those limited to the establishment of drainage ditches. No case has been referred to directly in point, but from an examination of the statutes we believe that there is no provision for an appeal from an order of the board of county commissioners establishing a drainage district.

Owing to our view on this question, the other propositions presented both by plaintiffs in error and defendant in error become immaterial.

The order of the district court of Garvin county, dismissing the appeal from the board of county commissioners, is therefore affirmed.

LEACH, REID, DIFFENDAFFER, HERR, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.