## JOHNSON v. HARRIS.
No. 28805.   March 19, 1940.

Rehearing Denied April 9, 1940.

*102 P. 2d 940.*

Guy A. Curry and Omar M. Hudson, both of Stigler, for plaintiff in error.

E. O. Clark, of Stigler, for defendant in error.

HURST, J. This is an action by Mildred Harris against Winfield Johnson for damages for seduction under promise of marriage. The jury returned a verdict in favor of the plaintiff, on which judgment was rendered, and the defendant appeals. The defendant argues three grounds for reversal.

1. The defendant's first contention is that an action for seduction cannot be maintained by the seduced female. It is true that this was the rule at common law, but seduction was not a criminal offense at common law. 24 R.C.L. 738, 761. In this state seduction under promise of marriage is made a crime by section 2524, O. S. 1931, 21 Okla. St. Ann. § 1120. Section 9956, O. S. 1931, 23 Okla. St. Ann. § 3, gives a cause of action to any person who suffers detriment as the result of the "unlawful act or omission of another." The commission of a crime is an unlawful act within the meaning of this section, and we are of the opinion that under these sections a cause of action accrues to the seduced female. This construction is in accord with the general law that every criminal act which injures the person or property of another, in a way peculiar to him in his individual capacity, is also a civil wrong redressable by the court. 1 C. J. 954; Sutherland on Damages, vol. 1, sec. 4. This court has recognized this doctrine in two cases, Watson v. Taylor, 35 Okla. 768, 131 P. 922, and Priboth v. Haveron, 41 Okla. 692, 139 P. 973, holding in each that a female can recover damages for an assault committed in such a manner and under such circumstances as to constitute statutory rape as defined by our statutes.

The defendant argues that section 17, O. S. 1931, 76 Okla. St. Ann. § 8, is a re-enactment of the common-law rule and being special legislation dealing with the subject, prevails over section 9956, which is general. Section 17 provides:

"The rights of personal relation forbid: (1) The abduction of a husband from his wife or a parent from his child; (2) the abduction or enticement of a wife from her husband, of a child from a parent, or from a guardian entitled to its custody, or of a servant from his master; (3) the seduction of a wife, daughter, orphan sister or servant; and (4) an injury to a servant which affects his liability to serve his master."

Defendant urges that the language of the third subdivision of this section implies that the action must be brought by the parent. This is an erroneous construction, for this section was not intended to give an exclusive remedy for the seduction of a female or to deal exclusively with the other subjects enumerated. The four subdivisions of section 17 simply give the husband, parent, guardian or master, as the case may be, a cause of action for damages sustained by him. The fact that by the fourth subdivision the master is given a right of action for injury to a servant does not deprive the servant of the right to recover damages for his own injury. We think the position of the defendant is untenable. Section 17 is supplemental to the general law, and the rights granted thereby are cumulative under the provisions of section 15, O. S. 1931, 76 Okla. St. Ann. § 6.

It is true that where a general law and special law are repugnant to each other, the special law will prevail to the extent, and only to the extent, of the repugnance. 59 C. J. 1056; Prince v. Wild Horse Drainage Dist. No. 1, 145 Okla. 185, 292 P. 42. There is no conflict between these sections unless section 17 is construed as giving the exclusive remedy for seduction. It would be an unreasonable construction to hold that section 17 implies that a seduced female cannot recover for the damages sustained by her. When the language of a statute permits, a construction which

will lead to an unreasonable result should be avoided. 25 R.C.L. 1018.

The cause of action by the parent for the seduction of the daughter and the cause of action by the seduced female are separate and distinct, and the elements of damage are entirely different. One is an action for loss of services, and other direct damages, and possibly for humiliation, sustained by the parent (section 9989, O. S. 1931, 23 Okla. St. Ann. § 67), and the other is an action for the damages that the seduced female personally sustained. Ordinarily, recovery by the parent is no bar to recovery by the daughter for the same seduction. 24 R.C.L. 749. The two causes of actions are separate and distinct, and the statutory grant of one does not by implication take away the other.

Recovery by the parent for damages for the injuries personally sustained by the seduced female would not be in accord with section 142, O. S. 1931, 12 Okla. St. Ann. § 221, providing that every action must be prosecuted in the name of the real party in interest. The real party in interest in an action is the one legally entitled to the proceeds of a claim in litigation. Okmulgee Coal Co. v. Hinton, 95 Okla. 92, 218 P. 319. The party who receives the injuries is the one who is entitled to the compensation therefor. In the case of Hood v. Sudderth, 111 N. C. 215, 16 S. E. 397, construing the Code similar to ours, it was held that the seduced female was the real party in interest and that the common-law rule that the action must be brought by the parent or master was a feigned issue.

2. The defendant next contends that the trial court erred in overruling the third paragraph of his motion to make more definite and certain by requiring the plaintiff to "state the place that is claimed that there took place the sexual intercourse between this defendant and the plaintiff, Mildred Harris, by which she was conceived with said child." In support of this contention the defendant relies upon the following cases:

Anderson v. State, 42 Okla. 151, 140 P. 1142; Clark v. State, 144 Okla. 7, 289 P. 313; Ratzlaff v. State, 102 Okla. 264, 229 P. 279. Each of these cases was a proceeding in bastardy and they are distinguishable from the case at bar in that in a bastardy proceeding the pregnancy of the female or the birth of the child is the very gist of the cause of action, while in an action for seduction it is not necessary that the act of intercourse result in pregnancy, and the gist of the action is the act of intercourse under promise of marriage. In preparing his defense to the main issue of seduction under promise of marriage, it was not necessary that the defendant have knowledge of the time and place where the act of sexual intercourse occurred which resulted in the plaintiff's pregnancy. The plaintiff testified to numerous acts of intercourse over a period of several months, and she would not be required to set out in her pleadings all the different times and the places where these acts were accomplished. A motion to make more definite and certain is addressed largely to the discretion of the trial court, and will not be reversed on appeal, except for abuse of discretion which results prejudicially to the complaining party. Missouri State Life Ins. Co. v. Everett, 167 Okla. 350, 29 P. 2d 575. We are of the opinion that the trial court did not abuse its discretion in overruling the motion.

3. The defendant's last contention is that the trial court erred in not giving defendant's requested instruction No. 1. The defendant does not discuss or argue this contention, and we find that this requested instruction was not applicable to the evidence and the request therefor was properly refused. Cosden Oil & Gas Co. v. Moss, 177 Okla. 603, 61 P. 2d 553.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur.