In re HUNTER'S ESTATE.
HUNTER v. HUNTER et al.

No. 31292. April 3, 1945.

Rehearing Denied April 24, 1945.

Application for Leave to File Second Petition for Rehearing Denied May 15, 1945.

*158 P. 2d 345.*

H. P. White, of Pawhuska, for plaintiff in error.

L. R. Stith, of Fairfax, for defendant in error Frances Pearl Hunter.

DAVISON, J. On June 3, 1940, John Samuel Hunter died testate in Osage county, Okla., and his will was offered for probate in the county court of Osage county. Thereafter, Joseph Hunter, who was then a minor and who was not mentioned in the will presented in said cause, by his mother and next friend, a "Petition for the Contest of the Will Before Probate."

Thereafter Joseph Hunter elected to waive his right to contest the will before probate and declared his intention to take under the law of descent and distribution, and the will was thereupon admitted to probate.

Joseph Hunter then, by and through his mother as next friend, filed a petition for the determination of heirship and to procure a judicial determination of his right to inherit. This petition was filed under the provisions of sections 1391 to 1396, O.S. 1931. The executor of the will and the surviving spouse of the deceased each filed a separate answer and cross-petition to the aforesaid petition, and thereafter they each filed their separate amended answers and cross-petition.

Joseph Hunter thereafter filed a motion to strike the amended answer and cross-petition of the executor and another motion to strike portions of the amended answer and cross-petition of the surviving wife. Joseph Hunter also filed demurrers to the said amended answers and cross-petition.

The motions to strike and the demurrers were overruled, and from the orders overruling said motions and demurrers an appeal was timely lodged in the district court of Osage county.

Thereafter the surviving wife filed in the district court a motion to dismiss the appeal "for the reason and upon the ground that the court has no jurisdiction to hear and try the same." The district court dismissed the appeal for the reason that "neither of the orders appealed from affect a substantial right."

From the order of dismissal by the district court, Joseph Hunter has perfected his appeal to this court, asserting that the district court was in error and that the orders of the county court "affected a substantial right" under the eighth subdivision of 58 O.S. 1941 § 721.

The proceeding for the determination of heirship was instituted under sections 1391 to 1396, O.S. 1931. These sections of the statute became a part of the law of this state in 1919 by virtue of chapter 25, S.L. 1919, pg. 41. Section 5 of the act (sec. 1395, O.S. 1931) related to appeals. It provides:

"In all cases appealed from any judgment rendered under the provisions of this Act, the law applicable to appeals in probate matters shall apply, and appeals may be taken from all final orders, as provided for appeals in probate matters."

The foregoing section of the statute relates particularly to appeals in connection with a proceeding to determine heirship and removes the act from the general statute relating to appeals in probate matters. 58 O.S. 1941 § 721.

A special statute prevails over a general statute covering the same subject matter. Carpenter v. Russell, 13 Okla. 277, 73 P. 930; Crosbie v. Partridge, 85 Okla. 186, 205 P. 758; Prince v. Wild Horse Drainage District, 145 Okla. 185, 292 P. 42; State ex rel. Moore v. O'Bannon, 182 Okla. 173, 77 P. 2d 70; Johnson v. Harris, 187 Okla. 239, 102 P. 2d 940.

In the case at bar we may assume without deciding that the orders of the county court of Osage county affected a substantial right of the plaintiff in error, but that assumption is insufficient to dispose of this appeal unless we also determine that such orders were final in character, since final orders are the only type from which an appeal may be taken under 84 O.S. 1941 § 255 (sec. 1395, O.S. 1931, S.L. 1919, sec. 5, pg. 42).

In McMaster v. Peoples Bank of Edmond, 13 Okla. 326, 73 P. 946, we held

that an order is not final if it leaves the parties in court to have the issues tried on the merits.

The meaning of the term "final order" is defined by statute in this state. 12 O.S. 1941 § 953 provides:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

Cases dealing with and defining the term "final order" are: Grunawalt v. Grunawalt, 24 Okla. 756, 104 P. 905; Richardson v. Thompson, 40 Okla. 348, 138 P. 177; Berger Mfg. Co. v. School District No. 10 of Muskogee County, 44 Okla. 436, 144 P. 1023; Fowler v. State, 45 Okla. 351, 145 P. 326; McCredie v. Dubuque Fire & Marine Ins. Co., 49 Okla. 496, 153 P. 846; Laramour v. Campbell, 64 Okla. 321, 168 P. 216; Okla. City Land & Development Co. v. Patterson et al., 73 Okla. 234, 175 P. 934; Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 P. 175; First State Bank of Blanchard v. Harmon, 80 Okla. 80, 196 P. 125; Wells v. Shriver, 81 Okla. 108, 197 P. 460; Tobly v. Dekinder, 85 Okla. 288, 206 P. 201.

Neither of the orders made by the county court deprived the plaintiff in error, Joseph Hunter, of his standing in court as a party litigant, and all of the orders allowed him to remain in court as a litigant to have his case tried on the merits. The orders were not such that they affected a substantial right in the action in such a manner as to determine the action and prevent a judgment; nor was either of the orders made in a special proceeding or upon a summary application in an action after judgment. The orders were not "final" in any sense of the word, and therefore are not the proper basis of an appeal.

The district **court of Osage county**

ruled that the orders were not appealable because, as the court found, they did not "affect a substantial right." We approve and affirm that ruling for the reason that the orders were not "final."

The decision of the district court of Osage county dismissing the appeal from the county court is approved and affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.