James D. HOBSON, Plaintiff in Error,

v.

Wilford C. CARMAN, Defendant in Error.

No. 39225.

Supreme Court of Oklahoma.

Oct. 10, 1961.

Rucker, Tabor, Best, Sharp & Shepherd, Jean Charles Smith, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

John W. Tillman, Fred A. Tillman and Don Hampton, Pawhuska, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff Carman sued defendants Hobson and O'Dell for damages resulting from an automobile accident. O'Dell filed no pleadings in the case and did not contest the same.

Briefly stated, the facts were as follows: plaintiff was driving north on a state highway in a line of traffic. O'Dell was one or two cars ahead of him in the line of traffic, also going north. Defendant Hobson was approaching them, driving south. O'Dell turned his car into the left lane, preparatory to passing the car ahead of him; Hobson saw the O'Dell vehicle and turned his (Hobson's) vehicle to the right and off the highway. He traveled down the shoulder and ditch on his own right hand side of the road for a distance of about 350 feet, losing control of his car. Plaintiff, seeing what was happening, turned his own car to the right and off the paved portion of the road, onto the shoulder and into the ditch. Defendant Hobson's car then came back across the highway, across the center line, onto the shoulder and into the ditch on Hobson's left (plaintiff Carman's right) side of the road, and struck the Carman automobile, causing the damages concerned.

There is no evidence that any of the cars involved was exceeding the legal speed limit. The accident did not occur in a no passing zone. The accident happened during daylight hours, and visibility and weather were good. The evidence as to whether O'Dell stayed in the left hand lane and continued to pass the vehicle ahead of

him, after seeing Hobson's car, or whether he returned to his own (right hand) lane to permit Hobson to pass, was in conflict. The evidence as to the distance separating the O'Dell vehicle and the Hobson vehicle at the time when O'Dell first pulled out to pass, is also in conflict, but defendant Hobson testified that it was about 50 or 60 yards. Hobson testified that there was "practically no shoulder" on his side of the road, and that it was "very wet" because of recent rains. The investigating highway patrolman testified that the shoulder was about ten feet wide and that "they were grassy shoulders, they weren't muddy".

Under defenses interposed by defendant's answer the trial court instructed on defendant's theories of contributory negligence on the part of the plaintiff; defendants theory that the negligence of O'-Dell was the sole proximate cause of the accident; sudden emergency; and unavoidable casualty. The trial court refused to give an instruction on defendant's theory that the negligence of defendant (Hobson), if any, was superseded and insulated "by the intervening negligence of the defendant O'Dell" and the negligence of the plaintiff.

Verdict and judgment were for plaintiff Carman and against defendant Hobson only, and Hobson appeals.

He argues only one proposition: that "the trial court committed reversible error in not instructing on intervening cause and the presumption that other drivers will obey the law". There is no general challenge to the sufficiency of the evidence, and defendant (plaintiff in error) Hobson's brief includes the following: "For purposes of argument, it will be assumed that there was a question of fact presented to the jury concerning negligence on the part of defendant, Hobson".

Defendant first cites Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501, 503, to the general effect that the "proximate cause of an injury must be the efficient cause" and where the negligence complained of merely "furnishes a condition" making the injury possible, and some other "subsequent independent act" causes the injury, the original negligence is not the proximate cause. This is of course a true statement of the law, but is no help to defendant's argument. Here O'Dell's negligence, if any, was not a *subsequent* independent act.

Defendant also cites Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277, 279, to the following effect:

"Another consideration always to be given to the question of whether negligence is the proximate cause of an injury is whether such negligence as the efficient cause was connected with another cause to produce the injury, or whether the injury resulted from the intervention of some new and independent cause, which was neither anticipated nor reasonably foreseeable, and which operated independently of the original negligence and without which the injury would not have occurred. In such instances the intervention of the new, independent, efficient cause of injury comes between the negligence and the injury, and by such intervention insulates the original negligence so as to relieve the one guilty of the original negligence * * * for the wrong which the party intervening directly produces."

From the above language, and from the very definition of the term "intervening", it would seem that O'Dell's negligence, if any, was the original negligence, and that Hobson's negligence was the "intervening" negligence. Which was original negligence and which was intervening negligence, however, are secondary considerations. The true question raised by Hobson's defense of "intervening negligence" was: whose negligence was the proximate cause of the injury?

This matter is clarified by the following language from Shearman and Redfield on Negligence, Revised Edition, Section 37:

" * * * Intervening cause is merely proximate cause flowing from a

source not connected with the party sought to be charged. While the term may have some descriptive value, unduly elaborate discussion of intervening cause as such tends to becloud rather than clarify the relatively simple idea of causal connection. When it is determined that a defendant is relieved of liability by reason of intervening cause, it would appear to mean simply that the negligent conduct of someone else—and not that of the defendant—is the proximate cause of the event."

In Section 38 of the same work we find the following:

"In order to relieve the defendant of responsibility for the event, the intervening cause must be a *superseding* cause. It is a superseding cause if it *so entirely supersedes* the operation of the defendant's negligence *that it alone, without his negligence contributing thereto in the slightest degree,* produces the injury." (Emphasis supplied.)

To the same general effect is the third paragraph of the syllabus in Stout v. Rutherford, Okl., 341 P.2d 266, 267:

"In order to relieve the one guilty of the first act of negligence of responsibility the intervening cause must entirely supersede the original act of negligence. In other words it must be independent of the original act and *adequate of itself* to bring about the injurious result." (Emphasis supplied.)

■ Assuming for purposes of argument that O'Dell's negligence, if any, was an "intervening" cause in this case, it can hardly be said that his act in starting to pass the vehicle ahead of him was "adequate of itself" to cause the injury to plaintiff Carman, who was several hundred feet behind O'Dell, without the negligence of defendant Hobson "contributing thereto in the slightest degree". The requested instruction on intervening cause was therefore not applicable to the evidence.

■ It is well settled that an instruction not applicable to the evidence should not be given. Johnson v. Harris, 187 Okl. 239, 102 P.2d 940. The trial court therefore committed no error in this regard.

As heretofore noted defendant Hobson pleaded, as a separate defense, that the accident was "solely and proximately caused by the negligence of the defendant, O'-Dell". This theory of defense was squarely presented to the jury in the court's instructions 9 and 10. Also, as noted, Hobson pleaded, and the jury were instructed upon the defenses of unavoidable accident and sudden emergency.

■ Defendant Hobson's allegation that the court erred in not instructing on the "presumption that other drivers will obey the law" is not separately stated and argued in the brief as required by the rules of this court, and the only authority cited in support thereof is Barr v. Auto Convoy Co., Okl., 280 P.2d 714. While, as an abstract proposition, it is true that such a presumption exists, the requested instruction was not applicable to the issues in this case, and the refusal to give it was therefore not error. Wilkerson v. Grand River Dam Authority, 195 Okl. 678, 161 P.2d 745.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, IRWIN and BERRY, JJ., concur.