County Assessor — Deputies — Appraisers — Salaries Those persons appointed as deputies and assistants under 68 O.S. 2481.7 [68-2481.7] (1968) are subject to the provisions of the comprehensive salary code for county officers. Any salaried employees are subject to the salary limitations set out in this code, but technical help hired on a part-time, contract or wage basis with the approval of the county commissioners is not subject to the salary limitations. Title 68 O.S. 2481.8 [68-2481.8] (1968) does not confer independent authority for the county assessor to contract with appraisers. The Attorney General has had under consideration your letter of August 19, 1968, wherein you ask the following questions. "Question 1. Are the 90% and 80% limitations contained in 19 O.S. 180.65 [19-180.65] (1961), applicable to the salaries of the assistants or deputies appointed by the county assessor under O.S.L. 1967, ch. 359, Section 7, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.7 [68-2481.7] (1968)) ? "Question 2. Where appraisers are appointed by the county assessor under O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.8 [68-2481.8] (1968)), must the salaries or compensation for said appraisers be fixed with the approval of the Board of County Commissioners, or fixed by the County Assessor at a reasonable rate to be determined by said Assessor?" The statutory provisions relevant to your inquiry are: O.S.L. 1968, ch. 198, Section 1 (19 O.S. 180.61 [19-180.61] (1968)): "For purposes of fixing salaries under this Act, county officers shall be grouped in the following classifications: "A. Enforcement officers or those charged with enforcing the laws relating to public peace and safety: the county sheriff, the county treasurer, the county clerk, the court clerk, the clerk of the court of common pleas, the county assessor, and the members of the board of county commissioners, the county judge and judges in court of common pleas where established. "B. The county superintendent of schools. "C. Other elective county officers." Title 19 O.S. 180.65 [19-180.65](a) (1961) and (d): "(a) The officers named in groups "A" and "B" shall have such number of regular or technical deputies, assistants, investigators, evidence men, aides, stenographers or reporters, technicians, undersheriffs, jailers, matrons, handwriting and fingerprint experts, probation officers, and/or juvenile officers, bailiffs, or other help, whatever title the principal officer may ascribe to the duties or functions to be performed as authorized by law and clearly related to the proper accomplishment of lawful functions, whether on whole or part-time basis, at such rates of salary or pay, subject to the provisions of this section as hereinafter set forth, as the principal officer may propose and establish the need of and the county commissioners will approve, for the adequate accomplishment of the functions of the office and the performance of the duties imposed thereon by law, with due weight being given to employment on whole or part-time basis; provided, that no such employments shall exceed the amount of lawful funds appropriated for such purpose." "(d) No other deputy, aide, assistant, or other person named in subsection (a) of this section may be paid at a salary rate in excess of eighty percent (80%) of the salary of the principal officer; and, subject to said limitation, the salary or rate of pay of such subordinate shall be determined by the principal officer and the county commissioners based upon responsibility, risks, skills, training, and experience required for such position and afforded by the subordinate; provided that the eighty percent (80%) limitation shall not apply to county officers employing only two (2) deputies or technical help on a part-time contract or wage basis within the amount of lawful appropriations for such purposes, by and with the consent and approval of the county commissioners." Title 19 O.S. 180.67 [19-180.67](a) (1961): "(a) It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer in groups "A" and "B", or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act, except that the county superintendent of schools may receive extra compensation as provided by the Oklahoma School Code." O.S.L. 1967, ch. 359, Section 7, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S.Supp. 1968 Section 2481.7[68-2481.7] [68-2481.7]): "Any assessor who deems it necessary to enable him to complete the listing and the valuation of the property of his county within the time prescribed by law, (I) may appoint one or more well-qualified citizens of his county to act as his assistants or deputies; and each assistant so appointed shall, under the direction of the assessor, after taking the required oath, perform all the duties enjoined upon, vested in, or imposed upon assessors." O.S.L. 1967, ch. 359, Section 8, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.8 [68-2481.8] (1968)): "Appraisers whose services may be obtained by appointment by the assessor or who may be assigned by the Oklahoma Tax Commission, upon request of the county assessor, to assist any county assessor shall act in an advisory capacity only, and valuations made by them shall not be binding upon the assessor, it being the intent herein that all valuations made pursuant to this act shall be made and entered by the assessor pursuant to law as directed herein." The comprehensive salary code found in Title 19 of the Oklahoma Statutes is a general act for county employees, and is, as expressly stated, intended to cover all county employees. The provisions in Title 68 dealing with the appointment of deputies and assistants for the county assessor are special acts relating only to employees of the county assessor. You question whether these acts are special to the extent that these employees are not subject to the comprehensive code. It is a general rule that when there is a general statute which is broad enough to cover a subject and also a special statute which covers the subject in particular, the special statute will control over the general. State ex rel. Williamson v. Evans, Okl., 319 P.2d 1112 (1957); In re Adoption of Lewis, Okl., 380 P.2d 697 (1963). But it is also a rule of construction that the special law controls only to the extent that it is repugnant to the general law. Johnson v. Harris, 187 Okl. 239, 102 P.2d 940 (1940). The special and general laws should be harmonized as far as possible. Pennington v. State, Okl.Cr., 302 P.2d 170 (1956). It is where the special law clearly includes the subject matter and prescribes different rules of procedure that it controls over a general law. Reubin v. Thompson, Okl.,406 P.2d 263 (1965). O.S.L. 1967, ch. 239, Section 1 (68 O.S. 2438 [68-2438] (1968)) deals with the general power of the county assessor to hire assistants. It sets out a procedure by which the county commissioners are to approve the assessors appointments and the salaries. In the case of Board of County Commissioners of Nowata County v. Price, Okl., 385 P.2d 479 (1963), the court discussed this provision and assumed that the persons appointed were within the comprehensive salary code set out in Title 19 even though this was a statute dealing specifically with the county assessor. O.S.L. 1967, ch. 359, Section 7, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.7 [68-2481.7] [68-2481.7] (1968)) states that the assessor may appoint assistants and deputies to aid in revaluation. There is no procedure for appointment set out. There is no conflict between this section and the comprehensive salary code which does set out a procedure by which deputies and assistants are to be hired, and this special statute should be read in light of the general statute relating to appointment of county employees. You question in particular whether the salary limitations of the comprehensive salary code are applicable to those appointed under 68 O.S. 2481.7 [68-2481.7]. The salary limitations set out in 19 O.S. 180.65 [19-180.65] (1961), are applicable to all assistants and deputies hired on a salary basis. However, subsection (d) of this section states that the salary limitations do not apply to "county officers employing . . . technical help on a part-time contract or wage basis within the lawful appropriations for said purposes, by and with the consent and approval of the county commissioners." In Opinion No. 64-214, issued by this office on May 1, 1964, we held that the salary limitations are not applicable to technical help hired on (a) part-time, (b) contract, or (c) wage basis. Thus any such technical help appointed under Section 68 O.S. 2481.7 [68-2481.7], in the manner approved in 19 O.S. 180.65 [19-180.65](d) (1961), is not subject to the salary limitations. Therefore in answer to your first question, it is the opinion of the Attorney General that those persons appointed as deputies and assistants under O.S.L. 1967, ch. 359, Section 7, renumbered 05.L. 1968, ch. 153, Section 4 (68 O.S. 2481.7 [68-2481.7] (1968)) are subject to the provisions of the comprehensive salary code for county officers. Any salaried employees are subject to the salary limitations set out in this code, but technical help hired on a part-time, contract or wage basis with the approval of the county commissioners is not subject to the salary limitations. In answer to your second question, you are referred to Opinion No. 68-330, dated October 17, 1968. In that opinion we held that O.S.L. 1967, ch. 359, Section 8, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.8 [68-2481.8] (1968)) did not confer independent authority for the county assessor to contract with appraisers. Rather the section referred to appraisers hired under O.S.L. 1967, ch. 359, Section 7, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.7 [68-2481.7] (1968)). We concur in Opinion No. 68-330 with regard to the interpretation of O.S.L. 1967, ch. 359, Section 8, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S.L. 2481.8 (1968)); but any conclusions therein as to the necessity of having the Board of County Commissioners approve contracts under O.S.L. 1967, ch. 359, Section 7, renumbered O.S.L. 1968, ch. 153, Section 4 (68 O.S. 2481.7 [68-2481.7] (1968)) are superceded by this opinion. (Prudence Little) ** OVERRULED BY: OPINION NO. 80-269/80-295 (1980) ** ** SEE: OPINION NO. 68-330 (1968) ** ** SEE: OPINION NO. 80-269, 80-295 (1980) ** ** ABOVE WITHDRAWS THIS OPINION **