DATA PROCESSING PLANNING DIRECTOR
The Board of Affairs may designate the Director of the Division of Data Processing Planning to be responsible for the acquisition of data processing equipment used by State agencies, except by those agencies which may be specifically exempt. The Attorney General has considered your request for an opinion wherein you have, in effect, asked the following question in your letter of November 3, 1971: "Can the Board of Affairs designate the Director of the Division of Data Processing Planning to be responsible for the acquisition of data processing equipment to be used by any agency of the State of Oklahoma, except those agencies that may be specifically exempt?" In your letter, you referred to Senate Bill 343 of the 1971 Legislature. This is now Title 74 O.S. 118.1 [74-118.1] through 74 O.S. 118.16 [74-118.16] (1971), and will be referred to according to its statutory designation. In this same letter, you expressed concern over the possible conflict between this new legislation and Title 74 O.S. 85.5 [74-85.5] (1961) insofar as who is responsible for the acquisition of data processing equipment. Title 74 O.S. 85.5 [74-85.5] (1961) states in part: ". . . The State Purchasing Director, under the supervision of the State Board of Public Affairs, shall have sole and exclusive authority and responsibility for the acquisition of all materials, supplies, equipment and services acquired, used or consumed by agencies of the State government. . . ." On the other hand, Title 74 O.S. 118.1 [74-118.1] through 118.16 make several references concerning who has authority in the acquisition of data processing equipment. Section 74 O.S. 118.2 [74-118.2] states in part: "It is the intent and purpose of the Legislature to provide for the development and implementation of an integrated long-range electronic data processing program in State government, to achieve maximum economy and efficiency in a program, . . ." Section 74 O.S. 118.4 [74-118.4] states: "The Division of Data Processing Planning is hereby created within the State Board of Public Affairs. The Board shall, through said division, control the utilization of, and planning for, such electronic data processing equipment as is necessary for the conduct of the State's business by the various agencies of the State. The division shall establish a data processing service center to provide necessary services to State agencies." Title 74 O.S. 118.8 [74-118.8] has eleven sub-sections and these will not be cited in full. This particular section sets out the duties of the Director and states that he shall develop reasonable rules and regulations of the division, to provide for the accomplishment of the provisions of this Act, develop such standard operating and planning procedures as will assist in improving the State's utilization of data processing equipment, establish techniques and procedures which will facilitate the acquisition and disposition of data processing equipment, develop plans and procedures and techniques as are required to insure that utilization of data processing equipment is realized at the lowest ultimate cost to the State, and evaluate the data processing equipment acquisition, replacement or disposition and plans of other agencies as set forth in the statutes. Section 74 O.S. 118.10 [74-118.10] states: "No letter of intent, scheduling order or form order shall be entered into by any agency except as provided in sub-paragraph 10 of Section 8 without the Director's approval. The Director of State Finance shall disapprove any claim for rental or purchase of data processing equipment if the acquisition of that equipment has not been approved by the Director of the division and the Board except as designated in Section 9 above." (Emphasis added) Taking all these above-cited sections under 118 together, it appears that it was the legislative intent to create a new "division" to be responsible for the acquisition of data processing equipment. Concerning the possible conflict between Title 74 O.S. 85.5 [74-85.5] (1961) and Title 74 O.S. 118.1 [74-118.1] through 118.16, the latter would control for the following reasons. In the first place, 118.1 through 118.16 were passed subsequent to 85.1 through 85.18. In the case of Brown v. Marker, Okl.,410 P.2d 61 (1965), the Court stated on page 66: "As a later legislative expression than 12 O.S. 433 [12-433] (1951), effect must be given to 12 O.S. 447 [12-447] (1961) over prior enactments of contrary import including 433 as well as 12 O.S. 447 [12-447] (1951)." In the case of Ramsey v. Leeper, 168 Okl. 43,31 P.2d 852 (1934), the Court held in syllabus 4: "Where a conflict exists between statutes enacted at different sessions of the Legislature, the last statute in point of time will prevail, it being the last expression of the legislative intent." Secondly, 118.1 through 118.16 were passed to deal with a specific situation (data processing equipment), while 85.5 deals with "the acquisition of all materials, supplies, equipment and services acquired, used or consumed by agencies of the State government" and, therefore, is more general in scope. The Oklahoma Supreme Court has consistently held that where a specific statute and a general statute pertains to the same subject matter, the former controls over the latter. In the case of In re Adoption of Lewis, Okl., 380 P.2d 697 (1963), the Oklahoma Court stated on page 700: "The reasoning which gives precedence to a special statute over a general statute appears applicable." In the case of In re Hunter's Estate,195 Okl. 416, 158 P.2d 345 (1945), the Court had stated: "This Court has repeatedly held that a special statute prevails over a general statute concerning the same subject matter. Johnson v. Harris, 137 Okl. 239, 102 P.2d 940; State ex rel Moore v. O'Bannon, 182 Okl. 173, 77 P.2d 70." Thus, 118.1 through 118.16 would control over 85.5 insofar as data processing equipment is concerned. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that the Board of Affairs may designate the Director of the Division of Data Processing Planning to be responsible for the acquisition of data processing equipment used by State agencies, except by those agencies which may be specifically exempt. (Todd Markum)